**UNITED STATES, Appellee,**

v.

**Private First Class John W. WALLS, Junior, SSN 322–44–8444, United States Army, Appellant.**

**CM 433575.**

U. S. Army Court of Military Review.

14 July 1977.

Before FULTON, Senior Judge and DRIBBEN and DeFORD, JJ.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant was convicted, pursuant to his pleas, of possession and sale of heroin in violation of Article 134, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 934). He was sentenced to a bad-conduct discharge, confinement at hard labor for 19 months, total forfeiture of pay and allowances, and reduction to the grade of Private E–1. The convening authority pursuant to a pretrial agreement reduced the sentence to a bad-conduct discharge, confinement at hard labor for one year, total forfeiture of pay and allowances, and reduction to the grade of Private E–1.

Upon appeal, the appellant asserts among other assignments [1] that error was committed in his trial in that the two specifications charged under Article 134, UCMJ, were not considered multiplicious for sentence purposes and as a consequence, his plea of guilty was improvident. We agree that the offenses were multiplicious for sentence purposes. However, we do not believe the appellant's pleas were improvident for the reasons hereafter set forth. Accordingly, we will reassess the appellant's sentence in our decretal paragraph.

The operative facts with which we are concerned are that the appellant, a heroin user, sold .06 grams of heroin to a government informer. As the direct and proximate result of this sale, government agents arrested the appellant approximately one hour later. A body search of the appellant incident to his arrest resulted in finding an additional .09 grams of heroin. The government informer's purchase was one of three packets of heroin offered to him for sale.

Captain John Richards Lee, JAGC, argued the cause for the appellant. With him on the brief were Colonel Alton H. Harvey, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain John C. Carr, JAGC.

Captain Dale L. Anderson, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Captain John F. DePue, JAGC, and Captain Gregory M. Van Doren, JAGC.

1. The appellant raised the issue of whether he was denied the equal protection of the law by not being charged under Article 92, UCMJ, 10 U.S.C. § 892, pursuant to the mandate of *United States v. Courtney,* 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976). That case is not for application here as this case was tried prior to the mandate in *Courtney, supra. See United States v. Jackson,* 3 M.J. 101 (C.M.A. 1977).

The issue of multiplicity in military law has caused a great deal of confusion over past years.[2]

The government had originally charged the appellant with the possession of .15 grams of heroin but at trial amended that specification to allege .09 grams.

It has been held that specifications of distribution and possession of the same drug are multiplicious for sentence purposes when charged as separate offenses.[3] Further, it was subsequently mandated that possession of heroin and attempted sale of heroin were multiplicious for sentence purposes when such attempted sale took place within a few minutes and a short distance from where the accused was apprehended with the drugs still in his possession.[4]

■ Here, more than a few minutes but less than an hour passed from the time of the sale until the appellant's apprehension. However, we do not believe the passage of time under the facts in this case made any appreciable difference as it is obvious that the appellant was possessing and selling the heroin in question here from the same cache of drugs on his person and that the sale and possession occurred at the same place. Accordingly, we hold that these offenses were multiplicious for sentence purposes.

Our decision concerning the multiplicity raises necessarily, the issue of whether the appellant's pleas of guilty may have been improvident under these circumstances.

At trial the appellant was advised that the maximum confinement was ten years each for two offenses charged. However, the appellant had entered into a pretrial agreement with the convening authority in which he offered to plead guilty to the offenses charged in return for the convening authority's agreement not to approve a sentence in excess of a bad-conduct discharge, confinement at hard labor for one year, total forfeiture of pay and allowances, and reduction to the grade of Private E–1.

In the first instance, it must be recognized that the maximum punishment in a court-martial sentence consists, as a general rule, of several distinct and separate parts.

■ An appellant's misunderstanding of the correct maximum punishment does not automatically result in a plea of guilty being improvident.[5]

It has been established that a plea of guilty may be improvident if it is predicated upon a "substantial" misunderstanding on the accused's part as to the maximum punishment to which he or she may be subject.[6]

The primary responsibility for ascertaining the legal limits of punishment rests upon the trial judge.[7]

The United States Court of Military Appeals has not prescribed a fixed formula by which the magnitude of difference between the incorrect maximum punishment and the correct maximum punishment can be readily ascertained.[8] That Court has stated that the standard as to what is a "substantial" misunderstanding of the maximum punish-

---

2. *See* this Court's opinion in *United States v. Mabry*, 51 C.M.R. 464, 2 M.J. 412 (A.C.M.R. 1975).

3. *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974).

4. *United States v. Harden*, 50 C.M.R. 354 (A.C. M.R.1975), *reversed on other grounds*, 1 M.J. 258 (1976); *United States v. Smith*, 1 M.J. 260 (1976); *United States v. Axley*, 1 M.J. 265 (1976).

5. *See United States v. Kilgore*, 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1972); *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964);

*United States v. Sproles*, 48 C.M.R. 278 (A.C. M.R.1974); *United States v. DePuis*, 48 C.M.R. 49 (A.C.M.R. 1973).

6. *United Stated v. Harden, supra; United States v. Towns, supra; United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1975).

7. *United States v. Harden, supra.*

8. *Id.* at 260. However, Chief Judge Fletcher, concurring separately in *Harden, supra,* stated that he viewed a miscalculation of the period of imposable confinement which approaches 100 percent as "substantial."

ment must be elastic and cannot be defined with mathematical certainty.[9]

Therefore, the inquiry focuses on determining whether the appellant's misunderstanding of a fact or condition upon which the plea of guilty was based was sufficiently "substantial" that he would not have entered that plea had he known the true factor condition.

At the outset, there are some realities to be mentioned. First, even a casual glance at the published appellate decisions will disclose that the maximum punishment seldom is meted out by general courts-martial or approved by convening authorities. Second, the negotiation of a plea bargain involves some subjective considerations. These include the facts of the case as known to the accused and his counsel and the individual or collective experience of defense counsel in the command with the sentencing agencies (judges or court members) and with the convening authority. As a practical matter, considerations such as these dilute the importance of the maximum possible sentence as a factor in the negotiations. Finally, the negotiated plea agreement normally pertains to, and limits, more than one element of the sentence, whereas any misunderstanding is likely to pertain only to one aspect of the sentence.

Under these circumstances, and in determining whether a gross misunderstanding as to the maximum confinement renders a plea improvident, it is at least as important to compare the terms of the negotiated agreement with the legal maximum punishment as it is to compare the legal maximum with the misunderstood maximum.

■ Many years of practice before the courts convinces us that there are several factors which must be considered and cumulatively weighed in determining whether an accused's misunderstanding as to the correct maximum punishment is in fact "substantial." We do not believe that any single factor can clearly be dispositive of the issue.

The factors which appear to us to be important are (1) does the quality and quantum of the pretrial evidence dictate that an accused take a given course of action?; (2) what was the degree of error in the misunderstanding of the maximum punishment?; (3) what aspect or part of the maximum punishment was misunderstood?; (4) what relationship, if any, exists between the terms of the negotiated agreement and the correct maximum punishment?; (5) where there is a negotiated plea and the basis of that plea is grounded upon improper understanding of an element or aspect thereof, does that agreement represent a fair agreement and was the bargain struck realistic in light of the totality of circumstances of the case?; and finally, (6) what was the actual impact of the misunderstood element of the plea in light of the actual sentence imposed at trial?

■ Applying the foregoing principles to the facts of this case, we find that the pretrial evidence from a practical viewpoint, dictated that it would be in the best interests of this appellant to negotiate a plea in an effort to gain the most acceptable terms possible under the circumstances.

The appellant's offer to plead guilty was based upon a misunderstanding only as to the maximum confinement. He believed that he was faced with a maximum of 20 years confinement when in fact it was ten years. The degree of error was 100 percent.

The negotiated agreement with the convening authority when compared with the correct maximum confinement only provided for one year or a tenth of the maximum confinement possible under the circumstances of this case.

The actual sentence imposed upon the appellant as noted included 19 months confinement and was ultimately reduced to 12 months. The actual sentence imposed upon the appellant was, we believe, lenient in view of the totality of the facts in this case and the appellant could not anticipate receiving a sentence of less severity even if the correct maximum had been applied in

9. *Id.*

this case. On balance, the facts of this case dictate that the appellant would have negotiated the same pretrial agreement and entered a plea of guilty even had he known the true maximum confinement. Accordingly, his misunderstanding could have not been substantial in this case.

The remaining assignments of error have been reviewed and are considered to be without merit or do not result in any prejudice to the appellant.

The findings of guilty are affirmed. Reassessing the sentence based upon the above-indicated error and the entire record, the Court affirms the sentence.

Senior Judge FULTON and Judge DRIBBEN concur.