UNITED STATES, Appellee,

v.

Mark G. HEDLUND, Private, U. S. Marine Corps, Appellant.

No. 31,239.

NCM 75–1083.

U. S. Court of Military Appeals.

Aug. 27, 1979.

For Appellant: *Captain G. M. Potter*, USMC (argued); *Lieutenant Robert R. Sparks, Jr.*, JAGC, USNR (on brief); *Captain Albert W. Eoff, II*, JAGC, USN, *Captain Jay C. Keithley*, USMC.

For Appellee: *Captain Geoffrey D. Fallon*, USMCR (argued); *Lieutenant Colonel P. N. Kress*, USMC, *Captain W. D. Blalock*, USMCR (on brief); *Lieutenant Commander N. P. DeCarlo*, JAGC, USN, *Captain Mark M. Humble*, USMCR.

## OPINION OF THE COURT

PERRY, Judge:

The appellant was convicted of conspiracy to commit robbery, robbery, and kidnapping, in violation of Articles 81, 122 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 922 and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 7 years and forfeiture of all pay and allowances—with recommendation that all confinement in excess of 4 years be suspended. The convening authority approved the findings, but approved only so much of the sentence as included a bad-conduct discharge, confinement at hard labor for 7 years and forfeiture of all pay and allowances, and he suspended the period of confinement and forfeitures in excess of 22 months. The United States Navy Court of Military Review affirmed.

Before this Court, the appellant successfully urged that, under the standard articulated by the Supreme Court of the United States in *O'Callahan v. Parker*[1] and refined in *Relford v. Commandant*,[2] the court-martial which tried him lacked jurisdiction over the robbery and kidnapping offenses.[3] Consequently, we ordered:[4]

The decision of the United States Navy Court of Military Review is reversed. The findings as to Charges II and III are set aside and the same are dismissed. The record is returned to the Judge Advocate General for remand to the Court of Military Review for action on the sentence in accordance with this decision.

A similar disposition occurred in the appeal of one of the appellant's co-conspirators. *United States v. Reed*, 2 M.J. 16, 17 (C.M.A. 1976).

Subsequent to our decision in these two cases, appellant's other co-conspirator, one Virgil S. Lynch, petitioned this Court for review. In his petition, Lynch made a similar allegation of lack of court-martial jurisdiction over the robbery and kidnapping offenses—citing *United States v. Hedlund*, 2 M.J. 11 (C.M.A.1976), as dispositive. However, he further contended that, as this would have reduced the maximum period of confinement to which he had been subject at trial from the perceived sentence of life imprisonment to one extending only to 10 years, which misunderstanding was "substantial," his plea of guilty to the conspiracy charge, based on a negotiated plea bargain contemplating life imprisonment as a maximum sentence, was improvident.[5] *United States v. Hughes*, 1 M.J. 346 (C.M.A. 1976); *United States v. Harden*, 1 M.J. 258 (C.M.A.1976). In its pleadings, the Government conceded. Thereupon, regarding the conspiracy conviction, this Court accepted the government's concessions, ordered that the plea of guilty be set aside, and permitted the conspiracy charge to be retried. *United States v. Lynch*, 2 M.J. 214, 215 (C.M.A.1977).

Thereafter, the Court of Military Review, *en banc*, entertained the cases of the appellant and his cohort Reed on remand. Relying on our then recent decision in *United States v. Lynch, supra*, the appellant and Reed also contended that their pleas to the conspiracy charge were improvident due to this same substantial misunderstanding as to the maximum sentence imposable at trial. However, the majority of the Court of Military Review held that it lacked the authority under the mandate of this Court to consider any contentions relating to the finding of guilty in each case. It ruled that each of those convictions was final by operation of law because this Court had not disturbed it on appeal and that our mandate to that court was limited to action on the

1. 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

2. 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

3. The appellant made a similar plea as to the conspiracy conviction, but we rejected it.

*United States v. Hedlund*, 2 M.J. 11 (C.M.A. 1976).

4. *Id.* at 15.

5. Neither Hedlund nor Reed had made this claim on his appeal to this Court.

sentence.[6] *United States v. Reed*, 1 M.J. 1114 (N.C.M.R.1977).

We granted review to consider the appellant's contention that the Court of Military Review read this Court's mandate too narrowly and that equity demands that he be treated similarly under the law as Lynch. However, we need not now decide the correctness of the Court of Military Review's determination of the scope of our mandate, for we conclude that the appellant's plea to the conspiracy offense was not improvident in any event.

■ It is true, as the appellant contends, that a plea of guilty may be improvident because of a substantial misunderstanding on the accused's part as to the maximum punishment to which he legally was subject as a result of the plea. *United States v. Hughes, supra; United States v. Harden, supra.* Such misunderstanding could be generated out of any number of legal issues, the resolution of which would impact upon the maximum sentence. However, if an accused is aware of such an issue and expressly indicates that he would plead guilty regardless of its ultimate determination and of the resultant effect upon the correct maximum sentence, then the plea is provident, for it was not based upon a substantial misunderstanding of the maximum sentence to which he was subject as a result of the plea. *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964). The same may be said of a guilty plea entered after an accused identifies and unsuccessfully litigates such a legal issue. Under those circumstances, the accused obviously is aware of an issue which might affect the maximum sentence and has available to him not only the judge's ruling thereon, but also the advice of competent counsel on the probability of the correctness of the judge's ruling. *United States v. Frangoules*, 1 M.J. 467 (C.M.A.1976). Such an accused, then, is fully aware of his legal situation and enters his plea based on that knowledge. It is ignorance of the possible consequences of a guilty plea which affects the plea's providence, not mere uncertainty as to the ultimate resolution of a legal issue involved somewhere in the case of which the accused and his counsel are aware. *Id.*

■ In the instant case, the appellant challenged the jurisdiction of the court-martial to try him for the offenses alleged. The issue was clearly raised, fully aired, and authoritatively argued by counsel for each side. Upon consideration of the matters argued, the military judge ruled against the appellant. Thereafter, the appellant pleaded guilty. As in *Frangoules*, we believe that it reasonably appears from the record that the appellant had taken account of the probable correctness of his counsel's advice on the issue and the judge's ruling thereon before he entered his plea of guilty.[7] "Thus, the record demonstrates that the accused did not labor under such a misapprehension as to the confinement that could be legally imposed as to render his plea improvident." *United States v. Frangoules, supra* 1 M.J. at 469.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.

---

6. The court interpreted our mandate as allowing it discretion whether to return the cases for sentence rehearings or to retain the cases and reassess the sentences. After a short discussion of these options, the court opted for the latter and reassessed each sentence to one including a bad-conduct discharge, confinement at hard labor for 16 months, and forfeiture of all pay and allowances for the same period. *United States v. Reed*, 1 M.J. 1114, 1116–17 (N.C.M.R.1977).

7. As noted by Judge Baum in his concurring opinion on remand of this case to the Court of Military Review, our action in *United States v. Lynch*, 2 M.J. 214 (C.M.A.1977), was not "based on a full airing of competing ideas and viewpoints. It was, instead, based on a concession of error by government counsel." *United States v. Reed, supra* at 1118.