UNITED STATES, Appellee,

v.

Michael T. MUIR, Private First Class,
United States Army, Appellant.

No. 33,850.

CM 434836.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Colonel Robert B. Clarke,
Lieutenant Colonel John R. Thornock, Captain Buren R. Shields III, Captain Peter V. Train* (on brief).

For Appellee: *Colonel Thomas H. Davis, Captain Gary F. Thorne, Captain Dana C. McCue* (on brief).

FLETCHER, Chief Judge:

In accordance with his pleas, appellant was convicted of both possession and sale of lysergic acid diethylamide on two separate occasions, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.[1] He was sentenced by his general court-martial to a dishonorable discharge, confinement at hard labor for 1 year and total forfeitures. The convening authority approved the findings and all of the sentence except for the period of confinement in excess of 6 months. The United States Army Court of Military Review dismissed one set of sale and possession specifications for lack of subject-matter jurisdiction. It reassessed the sentence and reduced the dishonorable discharge to a bad-conduct discharge.

Appellant claims that his guilty pleas are improvident because he was provided substantially incorrect advice on the maximum punishment authorized for his offenses. At the court-martial the military judge advised the appellant that a maxi-

1. Four separate specifications.

mum sentence could include 4 years' confinement at hard labor. This period was determined by treating each specification alleging possession as multiplicious with each specification alleging a sale at the same time and place. Then each grouping of specifications was punished as a violation of Article 92—specifically, by confinement at hard labor for 2 years. Appellant attacks this advice for two reasons.

Appellant first asserts that the sentence advice given by the military judge was substantially incorrect in light of the subsequent dismissal of two specifications by the Court of Military Review. Accordingly, he argues that since his guilty pleas were, as to the total maximum authorized confinement, unintelligent, they must now be vacated. This argument we reject as without merit. The appellant, prior to proffering his guilty pleas, made an unsuccessful motion to dismiss these same specifications on the basis of a lack of subject-matter jurisdiction. In view of the decision of this Court in *United States v. Hedlund*, 7 M.J. 271 (C.M.A.1979), we do not find these guilty pleas unintelligent on this ground.

2. As no specific punishment is provided for LSD, appellant submits the applicable penalty would be that prescribed in the United States Code or the Code of the District of Columbia, whichever is lesser. Para. 127c, Manual for Courts-Martial, United States, 1969 (Revised edition); 33 D.C.Code § 701 *et seq.*; Council Regulation 74–79, 21 D.C. Register 1525–26.

■ Appellant also asserts that the maximum period of confinement authorized for the single group of remaining specifications was improperly determined by the military judge. He claims that it was one year[2] rather than the two years offered by counsel and accepted by the military judge. Accordingly, appellant argues that he was substantially misinformed as to the consequences of his pleas and their vacation is required by *United States v. Harden*, 1 M.J. 258 (C.M.A.1976). Accepting this analysis of the proper sentence as true,[3] we will not invalidate these guilty pleas under these circumstances for such an insubstantial variation in sentence advice.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY * concurs.

COOK, Judge (concurring in the result):

I concur in the result. *See* my separate opinions in *United States v. Castrillon-Moreno*, 7 M.J. 414, 416 (C.M.A.1979); *United States v. Thurman*, 7 M.J. 26, 29 (C.M.A. 1979).

3. *See United States v. Thurman*, 7 M.J. 26, 29 n. 5 (C.M.A.1979).

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.