**UNITED STATES, Appellee,**

v.

**Robert A. BREWSTER, Private First Class, United States Army, Appellant.**

No. 34,645.

CM 434221.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain D. David Hostler, Captain Michael P. La Haye* (on brief).

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Michael B. Kennett, Captain Jack M. Hartman* (on brief).

FLETCHER, Chief Judge:

In accordance with his pleas, the appellant was found guilty of possession and sale of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced by his general court-martial to a bad-conduct discharge, confinement at hard labor for 18 months, total forfeitures and reduction to the lowest enlisted grade. The convening authority reduced the confinement to a period of 6 months and suspended the bad-conduct discharge with provision for its automatic remission, but otherwise approved the findings of guilty and the sentence. The United States Army Court of Military Review affirmed the findings of guilty and this sentence.

The military judge, prior to accepting appellant's guilty pleas, advised him, with the concurrence of defense counsel, that the maximum authorized punishment would include confinement at hard labor for 20 years. At the Army Court of Military Review for the first time these offenses were alleged by the appellant to be multiplicious for sentencing and were so found by that Court. The correct sentencing advice was 10 years' confinement at hard labor. The military judge substantially misadvised the appellant as to the consequences of his pleas. *See United States v. Harden,* 1 M.J. 258 (C.M.A.1976). This situation is materially different from that described in *United States v. Hedlund,* 7 M.J. 271 (C.M.A.1979). The appellant's pleas of guilty were improvident. *See United States v. Castrillon-Moreno,* 7 M.J. 414 (C.M.A.1979).

The decision of the United States Army Court of Military Review is reversed; the findings of guilty and the sentence are set

aside. The appellant's guilty pleas are vacated. A rehearing may be ordered.

Judge PERRY * concurs.

COOK, Judge (dissenting):

In my opinion, the trial error as to the maximum imposable punishment did not induce appellant's pleas of guilty and, therefore, those pleas were not improvident. *See* my separate opinion in *United States v. Castrillon-Moreno,* 7 M.J. 414, 416 (C.M.A. 1979). Furthermore, in view of the convening authority's action and that of the Army Court of Military Review, the error was purged of all prejudice in regard to the sentence. I would, therefore, affirm the decision of the Court of Military Review.

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.