UNITED STATES, Appellee,

v.

**John W. WALLS, Jr., Private First Class, U. S. Army, Appellant.**

No. 34,861.
CM 433575.

U. S. Court of Military Appeals.

July 7, 1980.

Fletcher, J., filed an opinion concurring in part.

For Appellant: Captain Joseph A. Russelburg (argued); Colonel Robert E. Clarke, Major Benjamin A. Sims, Captain Demmon F. Canner, Captain Maurice D. Healy, John Richards Lee, Esquire (on brief); Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John R. Thornock, Lieutenant Colonel John F. Lymburner, Major Lawrence D. Galehouse.

For Appellee: Captain Michael C. Chapman (argued); Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Michael B. Kennett (on brief); Captain Dale L. Anderson.

### OPINION OF THE COURT

COOK, Judge:

In accordance with his pleas, the appellant was convicted by a general court-mar-

tial before a military judge alone, of the possession and sale of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to reduction to private (E–1), total forfeitures, confinement at hard labor for 19 months, and a bad-conduct discharge. Pursuant to the terms of a pretrial agreement, the convening authority reduced the period of confinement to 12 months and approved the findings and remaining sentence. The United States Army Court of Military Review affirmed the findings and sentence as approved by the convening authority. *United States v. Walls*, 3 M.J. 882 (A.C.M.R. 1977). We granted review to consider whether the appellant was denied a speedy trial and whether a misapprehension at trial of the maximum imposable punishment requires reversal.

The speedy trial issue is raised in the following factual context. Upon inquiry by the military judge, trial defense counsel initially responded that he did not believe a speedy trial motion was "supportable." However, after findings of guilty were entered and evidence had been submitted during the sentencing phase of the trial, defense counsel asserted that the "defense belatedly would like to raise a speedy trial motion." A stipulation of fact was subsequently submitted to the military judge. The parties agreed that appellant's commanding officer maintained the appellant in a full-duty status, but withdrew his pass privileges on December 1, 1974, which required the appellant to obtain permission whenever he wished to leave Kelley Barracks Kaserne, Darmstadt, Federal Republic of Germany. The Kaserne contained a service club, post-exchange, snack bar, gym, chapel, and an enlisted men's club.

Charges were prepared on January 23, 1975, but were not preferred until February 6 to permit the authorities to ascertain if the informant involved in the case would testify. An Article 32 hearing [1] was scheduled for March 5 but was delayed for 7 days at the request of the defense. The Article 32 report was completed on March 24, and the parties agreed at trial, that the defense was responsible for an additional 14-day delay prior to referral of charges on April 10; trial began on May 9. The appellant testified that he had been able to leave the military installation on several occasions to visit his defense counsel and to accompany his military unit on several field exercises. He also stated that he had not requested a pass prior to the commencement of his trial.

■ Although the parties stipulated at trial that the defense was accountable for 21 days of the delay, appellate defense counsel now asks that the Government be charged with the 14-day period. Under the circumstances presented, we reject the invitation to disregard the stipulation of fact limiting the total time of the government's accountability to 139 days. *See* para. 154*b* (1), Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Gerlach*, 16 U.S.C.M.A. 383, 37 C.M.R. 3 (1966). The military judge was critical of the delay prior to preferral of the charges, which the Government attributed to a desire to obtain a laboratory report, but held the case was "within acceptable limits."

Relying on *United States v. Powell*, 2 M.J. 6 (C.M.A.1976), appellant asserts that the withdrawal of his pass privileges by his commanding officer constituted a restriction of such severity as to activate the *Burton* [2] presumption of prejudicial delay. In *United States v. Nelson*, 5 M.J. 189 (C.M.A.1978), the principal opinion explained that *Powell* involved restraints equivalent to arrest, which is the form of limitation on movement specified by Article 10.[3] As the author judge of *Powell*, I filed a separate opinion in *United States v. Nelson, supra* at 191, expressing my disagreement with this interpretation with the following comments:

1. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

2. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

3. Article 10, UCMJ, 10 U.S.C. § 810.

My understanding of *United States v. Powell* . . . is different from that of the majority. I do not regard it as "implicitly found[ed]" on an assumption that restriction to a military post is equivalent to pretrial arrest. Restriction is a lesser form of restraint than arrest. *United States v. Smith*, 21 U.S.C.M.A. 231, 45 C.M.R. 5 (1972); *United States v. Haynes*, 15 U.S.C.M.A. 122, 35 C.M.R. 94 (1964); see para. 20*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). The characterization of a particular restraint by the officer imposing it does not preclude a determination by a court of its actual legal nature. *United States v. Weisenmuller*, 17 U.S.C.M.A. 636, 38 C.M.R. 434 (1968); *United States v. Smith*, 17 U.S.C.M.A. 427, 38 C.M.R. 225 (1968); *United States v. Williams*, 16 U.S.C.M.A. 589, 37 C.M.R. 209 (1967). The two forms of restraint, arrest and restriction, are not per se equivalent for the purpose of assessing the applicability of Article 10.

I further asserted that *Powell*, unlike *Nelson*, involved a specific finding of prejudice.

 We are persuaded that the degree of restraint imposed in the present case by the withdrawal of appellant's pass privileges is insufficient to constitute an arrest and specifically reject the implication in *Nelson* that a withdrawal of a pass alone is an arrest within the meaning of Article 10, UCMJ. Since the present case does not involve imposition of restraint, as a requirement of the restriction, sufficient to constitute the equivalent of arrest or confinement, *United States v. Schilf*, 1 M.J. 251 (C.M.A.1976), which would invoke the presumption established in *Burton*, we must examine the record for specific prejudice. Appellate defense counsel assert that the expiration of appellant's term of enlistment prior to trial demonstrates that he was prejudiced. Standing alone, that circumstance does not evidence prejudice. *United States v. Amundson*, 23 U.S.C.M.A. 308, 49 C.M.R. 598 (1975). Absent a presumption of prejudice, we conclude that appellant was accorded a speedy trial.

We turn now to the issue which questions the providence of appellant's pleas of guilty. During the providency inquiry, appellant was advised that the maximum imposable confinement was 20 years. The parties at trial treated the offenses as separate for punishment purposes. However, the Court of Military Review held that, under the circumstances, the "offenses were multiplicious" and the correct maximum imposable confinement was only 10 years. *United States v. Walls, supra* at 884. We assume without deciding, for purposes of this appeal, that the Court of Military Review was correct. The court enumerated the following factors for evaluating the impact of the erroneous advice on appellant's decision to enter pleas of guilty:

> The factors which appear to us to be important are (1) does the quality and quantum of the pretrial evidence dictate that an accused take a given course of action?; (2) what was the degree of error in the misunderstanding of the maximum punishment?; (3) what aspect or part of the maximum punishment was misunderstood?; (4) what relationship, if any, exists between the terms of the negotiated agreement and the correct maximum punishment?; (5) where there is a negotiated plea and the basis of that plea is grounded upon improper understanding of an element or aspect thereof, does that agreement represent a fair agreement and was the bargain struck realistic in light of the totality of circumstances of the case?; and finally, (6) what was the actual impact of the misunderstood element of the plea in light of the actual sentence imposed at trial?

*United States v. Walls, supra* at 885. On the basis of these factors, the court below held that appellant's "misunderstanding could have not [sic] been substantial in this case." *Id.* at 886. Upon reassessing the sentence on the basis of the misconception of the maximum imposable sentence, it affirmed the sentence as approved by the convening authority.

 Appellant correctly asserts that a substantial misapprehension of the maxi-

mum sentence may vitiate the providence of a plea of guilty.[4] Initially we note that the Court of Military Review relied upon cases decided after appellant's trial in holding the two offenses were multiplicious for sentencing purposes.[5] In *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473–74, 25 L.Ed.2d 747 (1970), the Supreme Court held that a subsequent change in the law which reduced the maximum imposable punishment did not require rejection of the accused's pleas of guilty, with the following comments:

> More particularly, absent misrepresentation or other impermissible conduct by state agents, *cf. Von Moltke v. Gillies*, 332 U.S. 708 [, 68 S.Ct. 316, 92 L.Ed. 309] (1948), a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.

> The fact that *Brady* did not anticipate *United States v. Jackson* . . . [390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)], does not impugn the truth or reliability of his plea. We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

Although the present case involves erroneous advice by a military judge rather than a defense counsel, we perceive no difference in the impact upon appellant's decision to plead guilty. Accordingly, if the cases relied upon by the Court of Military Review reflect a change in the law existing at the time of appellant's trial, *Brady* requires affirmance of his conviction. We need not resolve this issue as we are convinced appellant's pleas were providently entered, even if there was no subsequent change in the law.

In *United States v. Brewster*, 7 M.J. 450 (C.M.A.1979), the accused was erroneously advised at trial that the maximum imposable confinement was 20 years when, in fact, it was only 10 years.[6] There, the Court vacated the pleas of guilty as improvident. The appellant here asserts that as the percentage difference in *Brewster* is the same as his, his pleas should also be vacated. However, the Court has not adopted a mathematical formula to resolve an issue of this kind. In *United States v. Muir*, 7 M.J. 448 (C.M.A.1979), the Court held that, under the circumstances, an error of 100 percent (1 year rather than 2 years) was an insubstantial variation. All the circumstances presented by the record must be considered to determine whether misapprehension of the maximum imposable sentence affected the providence of guilty pleas. *See United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979).

Here, the Court of Military Review's analysis is consistent with the *Brewster* and *Muir* standards for review. The factors

---

4. As I set forth in my dissent in *United States v. Castrillon-Moreno*, 7 M.J. 414, 416, 419 (C.M.A.1979), my own view differs from the majority rule of the Court in that I would vacate pleas of guilty only under "extraordinary circumstances."

5. The Court relied upon *United States v. Axley*, 1 M.J. 265 (C.M.A.1976) and *United States v.*

*Smith*, 1 M.J. 260 (C.M.A.1976). The appellant was tried in 1975. As previously noted, we express no opinion as to the correctness of the Court of Military Review's holding.

6. I dissented in *United States v. Brewster*, 7 M.J. 450, 451 (C.M.A.1979), on the basis of my dissent in *United States v. Castrillon-Moreno, supra.*

enumerated by the Court of Military Review are illustrative only. Each case must be analyzed under its own circumstances. Our own examination of the record convinces us that appellant's misapprehension of the maximum imposable confinement was an insubstantial factor in his decision to plead guilty. Indeed, the pretrial agreement reflects that the period of confinement was limited to 10 percent of the proper maximum, and a stipulation of fact reflects that the evidence of appellant's guilt, which was available to the Government, was overwhelming. We agree with the Court of Military Review that, in appellant's negotiation of the pretrial agreement, the actual legal maximum for the offenses charged did not affect his willingness to plead guilty.

Left for consideration is the impact of the misapprehension on the approved sentence. We are convinced that reassessment by the Court of Military Review eliminated any risk of prejudice resulting from the convening authority's misapprehension of the true legal maximum.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

FLETCHER, Judge (concurring in part):

The majority opinion reaffirms the long-standing principle of military law that a substantial misapprehension of the maximum punishment can vitiate the providency of a plea of guilty.[1] This principle of law I support. I also recognize the body of military law which holds that a guilty plea so obtained need not be vacated where the record of trial shows that the military accused intelligently acknowledged a potential sentence difference but wished to plead guilty anyway.[2] This principle of law I also support. Finally, where the variation in sentence advice is insubstantial, I believe that the guilty plea need not be vacated.[3] The remainder of the majority's analysis[4] in this area of the law, I find unnecessary for the reasons stated below.

On May 15, 1975, the appellant offered pleas of guilty at his general court-martial to two drug offenses. The first offense was the sale of .06 grams of heroin; the second offense was possession of .09 grams of heroin which remained in his wallet one hour after the sale. The military judge treated these offenses as separate for purpose of punishment. See para. 76a(5), Manual for Courts-Martial, United States, 1969 (Revised edition). With the concurrence of both counsel, he advised the appellant that the maximum authorized sentence for both offenses included 20 years of confinement at hard labor. See para. 70b, Manual, supra. The military judge accepted the appellant's pleas of guilty and entered findings of guilty to these offenses.

The appellant now asserts that the correct maximum punishment authorized for his guilty pleas to these offenses was 10 years. Such misadvice, he argues, is sub-

---

1. Substantial variations in sentence advice required by paragraph 70b, Manual for Courts-Martial, United States, 1969 (Revised edition), have caused vacation of guilty pleas in the following cases: United States v. Brewster, 7 M.J. 450 (C.M.A.1979); United States v. Dowd, 7 M.J. 445 (C.M.A.1979); United States v. Castrillon-Moreno, 7 M.J. 414 (C.M.A.1979); United States v. Harden, 1 M.J. 258 (C.M.A.1976); United States v. Bowers, 1 M.J. 200 (C.M.A. 1975); United States v. Turner, 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968). See United States v. Timmreck, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087–2088, 60 L.Ed.2d 634 (1979); McCarthy v. United States, 394 U.S. 459, 471–72, 89 S.Ct. 1166, 1173–1174, 22 L.Ed.2d 418 (1969).

2. United States v. Hedlund, 7 M.J. 271, 273 (C.M.A.1979); United States v. Frangoules, 1 M.J. 467 (C.M.A.1976); United States v. Kilgore, 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1972); United States v. Kleinhans, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964).

3. United States v. Muir, 7 M.J. 448 (C.M.A. 1979); United States v. Brown, 1 M.J. 465 (C.M.A.1976); see also United States v. Harden, 1 M.J. 258 (C.M.A.1976).

4. The majority's reasoning in this case is similar to the approach taken by federal courts when a guilty plea accepted in a state court is challenged on constitutional grounds because the accused was misinformed as to sentence possibilities. See Hunter v. Fogg, 616 F.2d 55, 58 (2d Cir. 1980); Caputo v. Henderson, 541 F.2d 979 (2d Cir. 1976).

stantial. *See United States v. Brewster*, 7 M.J. 450 (C.M.A.1979). Accordingly, citing a line of cases from this Court, he seeks reversal of his conviction and vacation of his earlier accepted pleas of guilty.

I have reviewed this case in light of *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970). The appellant's guilty pleas were accepted at a time when this sentence advice could be considered correct by the military judge at a court-martial.[5] Accordingly, these guilty pleas need not be vacated because of a subsequent change of law which may have rendered this advice incorrect.[6]

The appellant's speedy trial argument is also without merit. The character of the restraint imposed upon the appellant prior to trial was not sufficiently onerous to invoke the *Burton* presumption. *See United States v. Powell*, 2 M.J. 6 (C.M.A.1976). Moreover, review of the record of trial in light of *United States v. Marshall*, 22 U.S.C. M.A. 431, 433, 47 C.M.R. 409, 411 (1973), demonstrates that the appellant was not otherwise denied a speedy trial.

I would affirm the result reached by the United States Army Court of Military Review.

---

5. As indicated in my opinion in *United States v. Smith*, 1 M.J. 260, 262 (C.M.A.1976) (Fletcher, C. J., concurring in the result), this Court has previously held only that a military accused could not be punished separately for the distribution and possession of the same amount of drug he possessed. After that decision and, more importantly, after the guilty pleas were accepted at appellant's court-martial, a change in the law could be said to have occurred (*see United States v. Waller*, 3 M.J. 32 (C.M.A. 1977); *United States v. Axley*, 1 M.J. 265 (C.M. A.1976), which expanded that holding to the facts of appellant's case.)

6. This Court did not apply *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970), in the recent decision of *United States v. Brewster, supra*, in the latter case, the accused pleaded guilty to possession of heroin (.07 grams) contained in three packets and sale of some amount of heroin contained in two of these packets. Accordingly, under *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974), that accused could not be separately punished for both the distribution and possession of the same two packets of heroin.