UNITED STATES, Appellee

v.

David W. HUNT, Private, U. S. Army, Appellant.

No. 38098/AR.

CMR Dkt. No. 437635/G.

United States Court of Military Appeals.

Jan. 26, 1981.

For Appellant: *Colonel Edward S. Adamkewicz, Lieutenant Colonel John F. Lynburner, Captain Joseph A. Russelburg* (on brief).

For Appellee: *Colonel R. R. Boller, Major David McNeill, Jr., Major Ted B. Borek, Captain Paul K. Cascio, Captain Stephen D. Smith, Captain Rexford T. Bragaw, III* (on brief).

## Opinion of the Court

EVERETT, Chief Judge:

At his general court–martial, the appellant pleaded guilty to a single specification of attempted robbery,[1] and, after the plea was accepted by the military judge, he was sentenced to a bad–conduct discharge, confinement at hard labor for 9 months, forfeiture of $175.00 pay per month for 9 months, and reduction to the lowest enlisted grade. In his initial review of the record, the convening authority approved the findings and the sentence, except that he suspended the bad–conduct discharge for a period of 6 months in order to make the appellant's sentence proportionate to those of his co–actors.

Before the United States Army Court of Military Review, the appellant successfully urged that the specification[2] of which he had been convicted did not allege attempted robbery at all, but only attempted larceny; the defect in the specification was its failure to allege that the taking was either from the person or in the presence of the named victims. *United States v. Hunt*, 7 M.J. 985 (A.C.M.R.1979). *See* Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. *See also* para. 201, and specification 92, appendix 6c, Manual for Courts–Martial, United States, 1969 (Revised edition). Concluding that the appellant had been prejudiced in his sentence by this error, but that prejudice was not "so substantial as to require the ultimate remedy of reversal," *United States v. Hunt, supra* at 988; *see United States v. Harden*, 1 M.J. 258 (C.M.A. 1976), the Court of Military Review affirmed findings extending only to attempted larceny and reduced the periods of confinement and forfeitures to 4 months. *United States v. Hunt, supra* at 988–89.

Before us, the appellant urges that the court below erred in deciding that his guilty plea entered at trial was not improvident because of the misperception by all the trial participants as to the nature of the offense to which the appellant was pleading guilty and, consequently, because of the substantial misapprehension as to the maximum imposable sentence facing the appellant on the actual charge. We do not agree.

■ It is, of course, true that in military law a substantial misapprehension of the maximum punishment can vitiate the providency of a plea of guilty. *United States v. Harden, supra. Accord, United States v. Brewster*, 7 M.J. 450 (C.M.A.1979); *United States v. Castrillon–Moreno*, 7 M.J. 414 (C.M.A.1979). But even a plea entered under such circumstances need not be vacated where the record affirmatively reflects that the accused is aware of the possibility that the actual legal maximum sentence may be less than that perceived at trial and, nonetheless, persists in his plea. *See United States v. Hedlund*, 7 M.J. 271 (C.M.A.1979); *United States v. Frangoules*, 1 M.J. 467 (C.M.A.1976); *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964). As we said in *United States v. Hedlund, supra* at 273:

It is ignorance of the possible consequences of a guilty plea which affects the plea's providence, not mere uncertainty as to the ultimate resolution of a legal issue involved somewhere in the case of which the accused and his counsel are aware.

■ However, even where the record does not dispel a conclusion that an accused was ignorant of the possibility that the actual legal maximum punishment may be less than that perceived at trial, all the

---

1. Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.

2. The specification reads:

Specification: In that Private E–2 David W. Hunt, U.S. Army, Company D, 75th Support Battalion, 194th Armored Brigade, did, at Fort Knox, Kentucky, within the exclusive federal jurisdiction of the military reservation, on or about 24 June 1978, attempt to steal money, the property of Private E–2 Michael D. Mosley, U.S. Army, Private E–1 Rodger D. Bartram, U.S. Army, and Private E–1 Thomas Ledesma, U.S. Army, by means of force and violence and putting them in fear and against their wills, from Private E–2 Michael D. Mosley, U.S. Army, Private E–1 Rodger D. Bartram, U.S. Army, and Private E–1 Thomas Ledesma, U.S. Army.

circumstances of the case presented by the record must be considered to determine whether the misapprehension of the maximum sentence affected the guilty plea, or whether that factor was insubstantial in his decision to plead. *United States v. Walls*, 9 M.J. 88 (C.M.A.1980).

██ The appellant here pleaded guilty pursuant to a pretrial agreement. This agreement was based on his offer to plead guilty to the charge of attempted robbery if the convening authority would dismiss an additional charge of extortion and would suspend with provision for automatic remission any sentence to confinement in excess of 9 months. The agreement did not limit the convening authority as to discharge, reduction, or forfeitures.

From this arrangement it would appear that Hunt's primary motivation for agreeing to plead guilty was to limit substantially his potential liability for confinement, which presumably would be calculated as 13 years–10 for attempted robbery and 3 for extortion. Of course, because of the defect in the specification the maximum exposure was only 3½ years–6 months for attempted larceny and 3 years for extortion.

Can it fairly be said that this accused would not have been equally motivated to limit his liability for confinement by entering a plea bargain if he had computed correctly the maximum punishment imposable under the charges against him? Although 3½ years is a far cry from 13 years, 9 months is a substantial limit on either; and to obtain such a limitation would be more than an adequate inducement for an accused to plead guilty.

As we read the record of trial, there is no indication that appellant pleaded guilty, even though he considered himself innocent, because this was the only means of avoiding a crushing sentence. Furthermore, although appellant might have negotiated a slightly more favorable bargain for himself if all the parties had correctly calculated

the maximum sentence–and if the Government took no action to amend the defective specification–this possibility is not equivalent to improvidence.[3]

As we read the record, appellant voluntarily choose to plead guilty to the original charge in return for the best agreement he could extract from the Government as to confinement and dismissal of the additional charge. Appellant's answers to the military judge's questions during the providency inquiry established clearly his guilt of the acts alleged in the specification. Under these circumstances, the appellant's misapprehension of the maximum imposable confinement was an insubstantial factor in his decision to plead guilty. *United States v. Walls, supra* at 92. His plea of guilty must stand.

The decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs.

FLETCHER, Judge (dissenting):

I must dissent in accord with my opinion in *United States v. Harden*, 1 M.J. 258, 260 (C.M.A.1976), wherein I stated:

> In resolving whether a misunderstanding of the maximum punishment improvidenced an accused's *negotiated* plea, as was the situation here, I view a miscalculation of the period of imposable confinement which approaches 100 percent as "substantial." In addition, there may be instances in which a lesser misunderstanding is substantial, depending upon the circumstances of the case.

The difference here exceeds 1000 percent.

I further augment my dissent. The Court of Military Review found that the specification was defective as to alleging the offense of attempted robbery, its allegations only being sufficient to allege the offense of attempted larceny. The lower court found that the element missing from the specification was the failure to allege

---

**3.** The reduction in sentence granted by the Court of Military Review provided the appellant with a sentence probably more lenient than any he could have negotiated even if he

and the other parties had realized that 3½ years was the maximum confinement imposable.

that the attempted taking was from the person or the presence of the victim. Notwithstanding this absence from the specification, the trial judge during the plea and arraignment verbally incorporated the missing element, but the specification was not amended to reflect the missing element. Based upon the questions propounded by the trial judge, the defendant entered a plea of guilty to attempted robbery. The trial judge sentenced the accused to 9 months' incarceration, where actually the maximum confinement for larceny is 6 months. The conveying authority, relying on misadvice, and the appellant, relying on misadvice, both misapprehended the actual stated charge and agreed that the sentence should not exceed 9 months' incarceration, once again exceeding the maximum sentence prescribed for larceny. The Court of Military Review found that the misadvice by the military judge and the misapprehension by the appellant as to the specification resulted in prejudice, but not materially. I disagree, as I believe the appellant has been materially prejudiced when the agreed sentence and the sentence imposed exceeds the statutory maximum for the crime charged.

I would reverse the Court of Military Review and order a new trial.