## UNITED STATES

### v.

**Airman First Class Michael E. TAPP, FR 309–74–1689, United States Air Force.**

### ACM 22766.

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Feb. 1980.

Decided 1 May 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, KASTL and MILES, Appellate Military Judges.

### DECISION

#### PER CURIAM:

We have examined the record of trial, the assignment of errors, and the government's reply thereto. We have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed.

Here, the accused was restricted to the base for 60 days prior to preferral of charges. We hold that this base restriction was insufficient to invoke the presumption of prejudicial delay arising out of pretrial confinement established in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). See *United States v. Walls*, 9 M.J. 88, 90 (C.M.A.1980).

In this case, the defense demanded speedy disposition of charges on 31 July and again on 31 August 1979.* On the latter date, the Article 32 investigation began. At trial, the defense motion for speedy trial conceded that the delay "is not oppressive per se nor have we suffered any specific prejudice as a result of the delays." A stipulation of fact established: that a relatively-heavy case load existed at the general court-martial convening authority staff judge advocate's office; that trial defense counsel had requested delays from 7 December 1979 until 13 February 1980; and that trial commenced on 13 February 1980. When the defense urges prompt trial, the government is on notice that delays will be

---

* The accused's two requests for speedy trial apparently went unanswered by the government. We concur with the view of the Court of Military Appeals in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166, 171 (1971) that:

subject to close scrutiny and must be abundantly justified; the government must either proceed immediately or show adequate cause for any further delay. *Burton, supra,* at 172. Applying *Burton*, on the basis of the entire record, we conclude that the government has met its burden. Also examining the record as a whole for specific prejudice, we find none.

Accordingly, the findings of guilty and sentence are

AFFIRMED.

"we consider inexcusable the neglect in not responding to the request for speedy trial with at least an explanation of why the request was denied...."