**UNITED STATES, Appellee,**

v.

**Warrant Officer One Mark R. HAIR, 157–52–9825, United States Army, Appellant.**

**ACMR 9101796.**

U.S. Army Court of Military Review.

16 April 1993.

---

1. Rule for Courts–Martial 305 [hereinafter R.C.M.].

For Appellant: Captain Michael Huber, JAGC (argued), Major Robin L. Hall, JAGC, Captain Mark L. Toole, JAGC, Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Captain Louis E. Peraertz, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Maria S.L. Chapa (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

BAKER, Judge:

The appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of two specifications of larceny (Charge I) and one specification of dishonorable failure to pay a just debt (Charge II) in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1982). He was sentenced to a dishonorable discharge, confinement for five years, and forfeiture of $800.00 pay per month for sixty months. The convening authority, in approving the sentence, reduced the confinement to be within the terms of the pretrial agreement by limiting it to three years and he provided additional clemency by reducing the forfeitures to $800.00 pay per month for thirty-six months.

The appellant now petitions to this court through counsel that he did not receive the effective assistance of trial defense counsel during the sentencing phase of the trial below. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant personally asserts that his sentence as it stands is unduly harsh. We disagree with those assertions of error but find the plea improvident to the larceny alleged in Specification I of Charge I.

The appellant's wife, while traveling to join him in Europe as part of a government sponsored move, experienced a medical emergency over Canada. An unscheduled stop was made at Montreal and medical treatment was rendered at a Canadian hospital. The appellant filed a claim for the

medical expenses with the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) and two checks were issued to satisfy that claim. The first, in the amount of $16,862.13, was made payable to "Karin L Hair," as full reimbursement for the CHAMPUS portion of the medical costs. The second check in the amount of $17,170.14, was mistakenly issued to "Karia (sic) L Hair," also as full reimbursement for the medical claim. The first check was line endorsed, "FOR DEPOSIT ONLY TO ACCT 157197379", and deposited to their joint account. The second check was endorsed by Mrs. Hair and deposited to a different joint account. From the record it is clear that Warrant Officer Hair wasted the proceeds of both checks on momentary pleasures and personal conveniences all the while telling the hospital that he would pay the medical bills as soon as he received the payment from CHAMPUS.

■ At trial, everyone incorrectly viewed the money from the first check as having been stolen from the United States. The CHAMPUS regulations do not support this position. When a valid claim is paid directly to the beneficiary or sponsor, the debt to the care provider becomes the responsibility of the beneficiary or sponsor. The failure to forward the funds to the care provider is a failure to pay a debt, not an unlawful taking of money belonging to the United States. Nor is it a wrongful withholding of money belonging to the care provider because the care provider has not yet established a possessory or property interest in the money. In this case the claim was valid and properly paid to Mrs. Hair. When the check was deposited into their joint account, the appellant had lawful access to the money. The fact that he acted dishonorably in the way he used the money is properly reflected by Charge II.

■ The second check was clearly issued by mistake on the part of CHAMPUS, and that was understood by the appellant before it was deposited to the joint account and the money spent by him. Although he originally came into possession of the second CHAMPUS funds by mistake and without any culpability on his part, he subsequently exercised dominion over the money and withheld it with the intent to permanently appropriate it to his own use. Relying on *United States v. Antonelli*, 35 M.J. 122 (C.M.A.1992), and *United States v. Moreno*, 23 M.J. 622 (A.F.C.M.R.1986), we find that the appellant's plea of guilty was provident with regard to the larceny of the money from the second check.

The appellant asserts he received ineffective assistance of counsel during the sentencing portion of the court-martial. We disagree.

■ During the sentencing phase of the court-martial the trial defense counsel introduced three letters on behalf of the accused and had the accused present an unsworn statement. The government offered nothing in aggravation or rebuttal. The appellant now contends that a parade of favorable character witnesses were available to testify had the defense counsel only informed him of his right to present their evidence.

Trial defense counsel, by affidavit, avers that the appellant was fully informed of the right to present evidence in extenuation and mitigation and was requested to provide the names of potential witnesses. The trial defense counsel also made some attempts on her own to discover favorable testimony but the interviews were unsuccessful. She states that the appellant provided to her only the three letters that were admitted as defense exhibits.

It is also significant that at trial the military judge asked the appellant if he was satisfied with the representation of the trial defense counsel. After accepting the plea, the military judge informed the appellant of his right to present the testimony of witnesses on his behalf. The appellant did not raise any concerns about being unable to present character witnesses at either time.

Considering the whole record and the supplemental information submitted by appellate counsel, we find that the conduct of

the trial defense counsel was within the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 The finding of guilty of Specification 1, of Charge I is set aside and the specification is dismissed. The remaining findings of guilty are affirmed.[1] Reassessing the sentence on the basis of the error noted, the entire record, and pursuant to *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), the court affirms the sentence.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

[1]. Based on our review of all the circumstances presented by the record, we find the misapprehension of the maximum imposable sentence was not substantial and did not affect the providence of the remaining guilty pleas. Using the standard found in *United States v. Walls,* 9 M.J. 88 (C.M.A.1980), that "[e]ach case must be analyzed under its own circumstances," we are persuaded by the overwhelming evidence of guilt, the large amounts of money involved in each remaining specification, and the particularly aggravating circumstances of this case in arriving at our conclusion. *See also United States v. Hemingway,* 36 M.J. 349 (C.M.A.1993).