TARNOW, Senior District Judge,
concurring.
While I agree with the Court’s outcome, I write separately to note several troubling issues in Appellant Miller’s case.
As noted by the Court, the law is clear that “defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily.” United States v. Swanberg, 370 F.3d 622, 625 (6th Cir.2004). The majority finds that Miller “does not contend that her plea was unknowing....” Instead, Miller argues that the waiver provision was not intended to cover a situation such as her current appeal, or that the government breached the plea agreement.
Because a plea agreement constitutes an agreement whereby a defendant gives up their freedom to contest criminal charges, plea agreements create “special due process concerns for fairness and the adequacy of procedural safeguards....” United States v. Ready, 82 F.3d 551, 558 (2d Cir.1996) (internal citations omitted). Plea agreements “are to be interpreted strictly, with ambiguities construed against the government.” United States v. Caruthers, 458 F.3d 459, 470 (6th Cir.2006) (citations omitted). In this case, Miller’s plea agreement contained a waiver of appeal unless her eventual sentence was “above the sentencing guideline range as determined by the district court.” The Court finds, and I agree, that based on language of her waiver, Miller’s eventual sentence was not above the guidelines range as determined *274 by the district court — though the district court’s determination of the guidelines range was contrary to the stipulated facts in her plea agreement.
The Court holds that Miller “could have bargained” for a narrower waiver, for instance by including language that she reserved the right to appeal whether “the Court incorrectly determined the guidelines range.” The Court thus implies that Miller consciously chose to forego a more narrow waiver for some unstated advantage, or that she was simply deficient in her bargaining and unnecessarily exposed herself to the possibility of a higher sentence.
My point is not to question the Court’s holding that Miller’s waiver was knowing and voluntary, but rather to note that requiring sophisticated bargaining by criminal defendants to retain the right to appeal a sentence likely contributes to uncertainty regarding whether a plea was knowing or voluntary. It does not seem to me that justice is served by permitting plea agreements that (bargaining aside) result in defendants agreeing to a plea that they did not intend or properly understand. Moreover, defendants may have less incentive to accept guilty pleas if they are concerned that they are actually at risk of a higher sentence than they thought had been agreed to in their plea agreement.
I would recommend that counsel for both defendants and the government strive to create plea agreements that state in plain terms the maximum possible sentence a defendant might receive.[1] Defendants who plead guilty based on an agreement that provides a clear statement of the maximum likely sentence are adequately forewarned of the possible consequences of their guilty plea, even in a “worst case” scenario where, as here, a court construes the evidence and sentencing guidelines differently than a defendant expected when agreeing to their plea.
If discussion of the maximum possible sentence is required in plea agreements the result is to eliminate ambiguity in the guilty-plea process, surely an important goal given the interests at stake. In United States v. Shedrick, 493 F.3d 292, 299-300 (3d Cir.2007), the court found that a guilty plea was knowingly made in part because the agreement explicitly stated that the defendant faced a maximum potential sentence of ten years’ incarceration. The district court also discussed the maximum sentence during the plea colloquy. The defendant could therefore not complain that he was unaware of the consequences of his plea. In United States v. Williams, 198 F.3d 988, 993 n. 1 (7th Cir.1999), the court found that, if an explicit stipulation was made as to the maximum sentence, the district court should have rejected a plea agreement during the plea colloquy where a mutual mistake of fact was present in the plea agreement as to the maximum possible sentence. As a result of the mutual mistake, the United States Court of Appeals for the Third Circuit affirmed the district court’s decision to allow the defendant to withdraw his plea of guilty.
As another example of such a system in operation, 10 U.S.C. § 845(a), which discusses plea agreements in the Uniform Code of Military Justice, states that “if it appears that [the defendant] has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record....” Military courts have found that “a substantial misapprehension of the *275 maximum sentence may vitiate the providence of a plea of guilty.” United States v. Walls, 9 M.J. 88, 90-91 (C.M.A.1980). Thus, most plea agreements in military courts contain a provision concerning the maximum possible sentence, without which a defendant cannot providently plead guilty.
The plea agreement in this case does not mention the actual maximum possible sentence that Miller might have (and did) receive. While a stipulation in a plea agreement cannot bind a sentencing court to a particular sentence, plea agreements should state the maximum possible sentence that a defendant might receive and, if subjected to a sentence above that maximum, waivers of appeal should not be enforced.

. A judge is not bound by stipulations in plea agreements and may independently determine the facts relevant to sentencing. U.S.S.G. § 6B1.4(d).