**UNITED STATES, Appellee,**

v.

**James D. POWELL, Private First Class, U. S. Army, Appellant.**

**No. 31,088.**

U. S. Court of Military Appeals.

May 21, 1976.

Captain Peter V. Train argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Captain John R. Osgood,* and *Captain Paul C. Hemmer.*

Captain *Nancy Battaglia* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain John F. Depue,* and *Captain Gary F. Thorne.*

## OPINION OF THE COURT

COOK, Judge:

A general court-martial convened in the Federal Republic of Germany convicted the appellant for possession and sale of heroin and possession of hashish, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. His sentence, as affirmed below, includes a dishonorable discharge. Before this Court, the appellant maintains that he was denied his right to a "speedy trial." We agree.

Most of the facts are not in dispute. On September 19, 1973, the company commander revoked the appellant's pass privileges. The appellant was permitted to go anywhere on post, but was required to secure either the commander's or first sergeant's permission to leave the post. Chapter 10, Army Regulation 630–5 (Jun. 20, 1972), in effect at that time, stated that passes were not a right to which one was specifically entitled, but a privilege to be awarded by commanders to deserving individuals. From the record, we are satisfied that in actual practice the members of the appellant's unit had pass privileges as a matter of course, without regard to whether they were individually deserving; the privileges were withdrawn only in instances when an individual was charged with misconduct. The commander expressly acknowledged that the appellant's pass privileges were withdrawn from him, pending investigation of the alleged charges. In this situation the withdrawal of the pass privileges, for speedy trial purposes, had the same substantive effect of restricting the appellant. However, the nature of the restriction was not so onerous as to be considered the equivalent of confinement. *See United States v. Schilf,* 1 M.J. 251 (1976).

The company commander departed for a 2-week leave on September 19, 1973. Prior to his departure he explained to the executive officer the procedure for processing the charges against the appellant. When he returned from leave on October 8, he discovered that the charges had been sent to the legal center "pretty messed up." He retrieved the charges, but decided to await receipt of the laboratory report on the seized substances before proceeding further. Eventually, he recharged the appellant and forwarded the new charges on October 29, 1973.

An investigating officer[1] was appointed on November 2, but because of the unavailability of either one of the witnesses or of defense counsel, the Article 32 hearing was not held until November 29. The investigating officer's complete report, which consisted of a Department of Defense Form 457 and three typed pages, was submitted to the convening authority on January 8, 1974. The officer gave three reasons for the delay: first, he had taken a few days to read his notes and examine the case before he gave his notes to the reporter for preparation of the report; second, the reporter was attending leadership school and was unavailable to type the report; and third, he had gone to the United States on leave and did not return until January 5. The case was referred to trial on January 21, and 4 days later it was docketed for trial on February 27. The initial session under Article 39(a) of the Code[2] was held on February 27, 1974.

The major conflict in the testimony was whether or not the company commander reinstated the appellant's pass privileges before trial. The company commander testified that, as best he could recall, he had reinstated the appellant's pass privileges in January, when the appellant moved into "the One Way House, after the half-day schedule had ended," which presumably was the half-day Christmas schedule. He also believed he had personally told the appellant that his pass privileges were reinstated, but he could not remember specifically what he had said. On the other hand, the appellant was quite emphatic in saying that he was placed on restriction, as opposed to simply having his pass privileges revoked, and that the restriction was not lifted prior to trial. Neither the military judge nor the Court of Military Review made any special findings of fact to indicate how each resolved this conflict. For present purposes we will determine the matter in the light

most favorable to the Government, and hold that appellant's pass privileges were reinstated on January 7, 1974, the first business day after the normal Christmas holiday schedule.

The requirements of Article 10 of the Code[3] are more rigorous than those of the Sixth Amendment. *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). Further, Article 98 of the Code[4] provides criminal sanctions for unnecessary delays in the disposition of court-martial proceedings. The appellant was restricted for 110 days, and 161 days elapsed before his trial began. The Article 32 investigating officer came perilously close to violating the Code, when he took 40 days to fill out the standard form and prepare a three-page report after he had completed his investigation. The course of conduct throughout the entire period reflects a lack of concern for the Codal commands for expeditious prosecution. The lack of pretrial confinement does not in any way "lessen the need for a speedy trial." *Kidd v. United States*, 1 M.J. 302 (1975). Considering the record, we conclude that the appellant was denied a speedy trial.[5]

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside, and the charges are ordered dismissed.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.

---

1. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

2. 10 U.S.C. § 839(a).

3. 10 U.S.C. § 810.

4. 10 U.S.C. § 898.

5. Our decision on this issue makes it unnecessary to decide the other issues as to which we granted review.