**UNITED STATES, Appellee,**

v.

**Charles Wesley LEONARD, Jr.,
Hospitalman Apprentice, U. S.
Navy, Appellant.**

No. 32,457.

NCM 75–2112.

U. S. Court of Military Appeals.

July 18, 1977.

*Captain Eugene A. Ritti*, USMCR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant J. R. Cliffe*, JAGC, USNR.

*Lieutenant Patrick A. Fayle*, JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

Opinion of the Court

COOK, Judge:

As appellant was in continuous confinement from the date his court-martial terminated (March 14, 1975) to the date of the convening authority's action (July 25, 1975), he submits on appeal that a dismissal of the charges is required because such confinement extended to 133 days.[1] Appellant relies on *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), which established a presumption of a denial of a speedy disposition of the charges when an accused is continuously confined after trial and the convening authority does not act within 90 days. However, we conclude that the actions of the appellant reduced the period of Government accountability to less than 90 days and thereby precluded the operative basis of the *Dunlap* presumption.

On June 5, 83 days after trial, the staff judge advocate's post-trial review was completed and served on the defense, but on June 11, the appellant sent a letter to the convening authority requesting that he delay his action until the appellant was psychiatrically examined. A psychiatric report was submitted on July 18. Although not apparent from the record, we were informed, through appellate exhibits filed with permission of the Court, that the convening authority orally approved the appellant's request upon its receipt and sent two letters to the appropriate medical center requesting the psychiatric examination. Additionally, several telephone calls were made by the assistant district legal officer to expedite the examination.[2]

In *Dunlap*, the Court established the same guideline set forth in *United States v.*

---

1. The period was computed under the method established in *United States v. Manalo*, 1 M.J. 452 (1976).

2. The affidavit of the staff judge advocate relating to the matter in issue and the copies of the two letters in question have been filed with the Court.

*Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), which involved pretrial confinement. The *Burton* guideline specifically recognized that delays requested by an accused would be excluded from the period of the Government's accountability, including a defense-occasioned delay for a psychiatric examination. *See United States v. McClain*, 23 U.S.C.M.A. 453, 50 C.M.R. 472, 1 M.J. 60 (1975). As the guideline in *Dunlap* was fashioned in the mold of *Burton*, a similar circumstance in the post-trial proceedings likewise results in exclusion from the period of the Government's accountability of a reasonable period to arrange for and accomplish the examination before the convening authority acts on the record. In the present case, the convening authority acted 43 days after the appellant's request. As the Government was charged with the responsibility of obtaining the requested psychiatric examination, a defense request would not excuse an inordinate delay, but in the present case the Government proceeded with reasonable diligence.

The decision of the United States Navy Court of Military Review is affirmed.

Judge PERRY concurs.

Chief Judge FLETCHER concurs in the result.