UNITED STATES, Appellee,

v.

Ronald L. HERRON, Private First Class,
U. S. Army, Appellant.

No. 31,899.
CM 433306.

U. S. Court of Military Appeals.

Nov. 28, 1977.

*Captain R. Stuart Broom* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Major Richard J. Goddard, Captain Ronald Lewis Gallant,* and *Captain Larry D. Anderson.*

*Captain Richard A. Kirby* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain John F. DePue,* and *Captain John F. Schmutz.*

Opinion of the Court

PER CURIAM:

We granted review to examine two issues affecting the accused's conviction for wrongful possession of heroin. We decide both against the accused.

■ The first question is whether accused was denied a speedy trial. He was confined before trial for 99 days. When an accused is, for more than 90 days, in continuous pretrial confinement without trial, a presumption arises that he is prejudiced by the delay. *United States v. Driver,* 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). However, at trial and during the intermediate appellate reviews of accused's conviction, the Government successfully maintained that

three separate periods of time were properly attributable to the accused, with the result that the total time of delay for which the Government was accountable was less than 90 days. We consider only one of these periods.

On December 30, 1974, the charges were referred to trial. At trial, government counsel represented that "[s]oon after . . . the government was prepared to go to trial." On January 9, 1975, the accused, who had been represented by appointed military counsel, retained a civilian lawyer, who on January 13, wrote to the convening authority to advise that the accused repudiated, as "not knowing and voluntary," an earlier written waiver of the standard Article 32, 10 U.S.C. § 832 investigation, and he now wanted "compliance" with the Article. An investigation was ordered. Evidence indicates the investigating officer encountered difficulty in communicating with civilian counsel to arrange a time of hearing convenient for counsel. The hearing was held, and the investigating officer's report was submitted on January 28, 1975. On February 6, the staff judge advocate submitted to the convening authority a supplemental pretrial advice and his recommendations were approved on the same day. Assuming that more expeditious efforts to accomplish these proceedings could have reduced this 38-day period to a somewhat shorter interval, we are certain that enough of the time is chargeable to the accused to reduce the period for which the Government is accountable to less than 90 days. Without the presumption of prejudice, ample evidence supports the trial judge's determination that the accused was not denied a speedy disposition of the charge on which he was tried.

---

1. The providence of the accused's plea of guilty is not in issue. As part of the pretrial agreement with the convening authority, other charges were dismissed; also the accused indicated at trial that he was pleading guilty not to get a "good deal" on the sentence, but because he was in fact guilty of the offense charges. *See United States v. Frangoules*, 24 U.S.C.M.A. 317, 52 C.M.R. 28, 1 M.J. 467 (1976).

Accused's second assignment of error deals with whether the offense should have been charged as a violation of Article 92, 10 U.S.C.A. § 892, which carries a maximum period of confinement of 2 years, rather than being alleged, as it was, as a violation of Article 134, 10 U.S.C.A. § 934, which authorizes confinement for 10 years.[1] In *United States v. Courtney*, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976), the Court decided that the charging choice was improper, but in *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977), it denied retroactive application of *Courtney*. As the accused was tried before the effective date of the *Courtney* decision, he cannot predicate a claim for relief upon it.

The decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

I can concur in the result ordered as my review of the record and pleadings convinces me that the government proceeded with the requisite diligence mandated by our decisions. I must write because a critical problem is left unaddressed.

The facts of this case, although not disclosed in the majority opinion, give rise to the question of the ultimate responsibility for the criminal docket. After the referral of a matter to a court with a judge designate, the obligation for timely calendaring cannot be fulfilled by anyone except that officer.[1] It can never be arrived at, as here, by a give and take situation between the two counsel. If the judge fulfills this mandate, then the appellate tribunals are assured an adequate record with evidence,

---

1. ABA Standards, The Function of the Trial Judge § 3.8(a) (1972) provides:

   The trial court has the ultimate responsibility for proper management of the criminal calendar and should take measures to insure that cases are listed on the calendar and disposed of as promptly as circumstances permit.

to include a proper written motion for a continuance, to support the ruling of the judicial officer.

When a trial judge forfeits the duty to control his case docket, he becomes a pawn of counsel, the *Manual* notwithstanding.[2]

2. *See, e. g.,* paragraph 44, Manual for Courts Martial, United States, 1969 (Revised edition).