UNITED STATES, Appellee,

v.

Wesley T. NELSON, III, Private, U. S. Marine Corps, Appellant.

No. 31,658.
NCM 74–2376.

U. S. Court of Military Appeals.

July 5, 1978.

Captain Paul H. Duvall, USMCR, argued the cause for Appellant, Accused. With him on the brief was Donald A. Timm, Esquire.

Captain W. D. Blalock, USMCR, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

### Opinion of the Court

PERRY, Judge:

The appellant was convicted by general court-martial of conspiracy to commit assault; assault and battery; assault upon a person in the execution of military police duties; and communicating a threat, in violation of Articles 81, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 928, and 934, respectively. His sentence to dishonorable discharge, confinement at hard labor for 12 months and forfeiture of $200 pay per month for 12 months, was reduced by the convening authority to a bad-conduct discharge, as well as confinement and forfeitures as adjudged. The discharge, along with confinement and forfeitures in excess of 3 months, were suspended. We granted review to consider the appellant's claim that he was denied a speedy trial. We hold that he was not.

The offenses of which the appellant was convicted occurred on October 6 and 7, 1973. The appellant was confined on the latter date. However, he was released from confinement 13 days later, on October 20, with no subsequent restraints on his liberty. His trial began April 30, 1974, 205 days after the last offense.

■ Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810, provides the sole statutory basis for the right to a speedy disposition of criminal charges lodged against an accused person in the military justice system.[1] That provision states, *inter alia* (emphasis added):

> *When any person subject to this chapter is placed in arrest or confinement prior to*

trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him.

Thus, while it has been said that Article 10 is more protective than the Sixth Amendment's[2] right to a speedy trial,[3] in one fashion it is more restrictive in its application: it is applicable only after the accused "is placed in arrest or confinement."

While it is clear that *some* arrest or confinement is necessary to trigger Article 10's protection, our inquiry is properly focused, we believe, upon the *length* of time an accused must be "in arrest or confinement" prior to trial before he has a legitimate claim of harm. Does such a status, for however short the length of time, suffice? This Court has had occasion to observe that "[s]tanding alone, these words [of Article 10] provide no adequate clue to the application of such a requirement when an accused is released after early confinement but not promptly tried." *United States v. Pierce*, 19 U.S.C.M.A. 225, 226, 41 C.M.R. 225, 226 (1970).

■ However, since the accused who never is placed in arrest or confinement is unable to avail himself of Article 10's protection, it follows logically that the individual with only an extremely brief period in such a status cannot do so either. We conclude, therefore, that the Congress intended that an accused be in arrest or confinement for a period of some significant duration before the Government runs the risk of activating Article 10.

The Court's decision in *United States v. Powell*, 2 M.J. 6 (C.M.A.1976), is in harmony with this construction. In *Powell*, the accused had been under post restriction for 110 of the 161 days it took to bring him to

---

1. Article 33, Uniform Code of Military Justice, 10 U.S.C. § 833, the only other provision of the Uniform Code whichever is mentioned in the context of speedy trial, rather than embodying any substantive rights or protections, simply is a procedural mandate, deviation from which must be measured for specific prejudice to the accused. *See United States v. Mladjen*, 19 U.S. C.M.A. 159, 41 C.M.R. 159 (1969); *United*

States v. Hawes, 18 U.S.C.M.A. 464, 40 C.M.R. 176 (1969); *United States v. Tibbs*, 15 U.S.C. M.A. 350, 35 C.M.R. 322 (1965).

2. U.S.Const. amend VI.

3. *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

trial. While the Court observed that the nature of this restriction "was not so onerous as to be considered the equivalent of confinement,"[4] citing *United States v. Schilf*, 1 M.J. 251 (C.M.A.1976), there can be no doubt that his restriction did place him in the status of arrest[5] for 110 days within the meaning of Article 10. Reversing Powell's conviction, we observed that "[t]he course of conduct throughout the entire period reflects a lack of concern for the Codal commands for expeditious prosecution."[6] Since the only such Codal command is Article 10, the Court in *Powell* implicitly found that under the circumstances of that case, the Government had violated that provision by keeping the accused in pretrial arrest for 110 days. Such an inference is the only way to reconcile *Powell* with the Uniform Code, upon which the disposition of that case purports to rest.

■ In the instant case, however, the appellant was in pretrial confinement for only 13 days, with no other actual restriction on his liberty than that inherent in his being a serviceperson. Under the circumstances, we find that this is insufficient to constitute a violation of Article 10's prescription.

■ The appellant's remaining protection against unwarranted delay by the Government in bringing him to trial (other than the statute of limitations, Article 43, UCMJ, 10 U.S.C. § 843) is the Sixth Amendment itself. However, the appellant does not argue that an infraction of this protection occurred. Perusal of the opinions of the United States Supreme Court supports the appellant's declination to urge such a basis for relief before this Court under all the circumstances of this case.[7]

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring):

My understanding of *United States v. Powell*, 2 M.J. 6 (C.M.A.1976), is different from that of the majority. I do not regard it as "implicitly found[ed]" on an assumption that restriction to a military post is equivalent to pretrial arrest. Restriction is a lesser form of restraint than arrest. *United States v. Smith*, 21 U.S.C.M.A. 231, 45 C.M.R. 5 (1972); *United States v. Haynes*, 15 U.S.C.M.A. 122, 35 C.M.R. 94 (1964); see para. 20*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). The characterization of a particular restraint by the officer imposing it does not preclude a determination by a court of its actual legal nature. *United States v. Weisenmuller*, 17 U.S.C.M.A. 636, 38 C.M.R. 434 (1968); *United States v. Smith*, 17 U.S.C.M.A. 427, 38 C.M.R. 225 (1968); *United States v. Williams*, 16 U.S.C.M.A. 589, 37 C.M.R. 209 (1967). The two forms of restraint, arrest and restriction, are not per se equivalent for the purpose of assessing the applicability of Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810.

In *United States v. Smith, supra*, the Court concluded that the facts of record supported a finding by the Board of Review (now Court of Military Review) that the degree of restraint inherent in the restriction to a military post imposed on the accused was equivalent to an arrest. *Powell* involved no such finding of fact; nor is there any statement in *Powell* that the restriction in that case was equivalent to arrest. While *Powell* refers to Article 10, it

---

4. *United States v. Powell*, 2 M.J. 6, 7 (C.M.A. 1976).

5. Article 9(a), UCMJ, 10 U.S.C. § 809(a), defines arrest as "the restraint of a person by an order, not imposed as a punishment for any offense, directing him to remain within certain specified limits."

6. *United States v. Powell, supra* at 8.

7. *See Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for a discussion of the approach to be followed in resolving claimed infringements of the Sixth Amendment's right to a speedy trial.

did not rely upon the statute as justifying reversal. Rather, the decision was predicated on a finding of specific prejudice resulting from *Government* delays. *See generally United States v. Johnson*, 1 M.J. 101 (C.M.A.1975). Indeed, the Court noted in *Powell* that "[t]he Article 32 investigating officer came perilously close to violating" Article 98, UCMJ, 10 U.S.C. § 898, in delaying the processing of the accused's case. *Id.* at 8.

A review of the record convinces me the appellant suffered no prejudice from the delays by the Government. I agree, therefore, with the majority's affirmance of the decision of the Court of Military Review.