UNITED STATES, Appellee,

v.

Jerry T. ROGERS, Private, U. S. Army, Appellant.

No. 32,659.

CM 431615.

U. S. Court of Military Appeals.

Aug. 27, 1979.

For Appellant: *Captain Ralph E. Sharpe* (argued); *Colonel Alton H. Harvey, Major Richard J. Goddard, Captain Larry D. Anderson* (on brief); *Lieutenant Colonel John R. Thornock, Captain Johnny D. Mixon.*

For Appellee: *Captain Michael J. Hurley* (argued); *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Captain Lee D. Schinasi* (on brief); *Captain John F. DePue.*

*Opinion of the Court*

PERRY, Judge:

The appellant was convicted by a general court-martial at Fort Lewis, Washington, of the rape of two females and the carnal knowledge of a third, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. He was sentenced to a dishonorable discharge, imprisonment for 20 years and forfeiture of all pay and allowances. By an unpublished opinion, the United States Army Court of Military Review affirmed the findings, but because of an error in admitting a record of previous conviction, reassessed the sentence and reduced the period of confinement to 18 years.

This Court granted review to consider the appellant's claims that there was no subject-matter jurisdiction over one of the alleged rape offenses and that he was denied a speedy trial on all three allegations. In each instance, we conclude that the appellant's position lacks merit.

I

The appellant was in pretrial confinement for 153 days; thus, there is a rebuttable presumption that he was denied a speedy trial. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). However, we conclude that there were three periods of delay which were occasioned by

the defense which, when added together, suffice to reduce the period of time attributable to the Government to less than 90 days, thereby vitiating the presumption.[1] *United States v. Driver,* 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). Absent this presumption, we are unable to agree with the appellant that he was denied a speedy disposition of the charges against him merely because of the 153 days he spent in pretrial confinement. We agree with the court below "that the Government proceeded with reasonable diligence and without any purposeful or oppressive design to delay the trial."[2]

## II

In his other assignment of error in this Court, the appellant questions whether one of the charged rapes, which occurred on the grounds of a Veterans Administration hospital located on Fort Lewis, took place on the installation so as to vest the court-martial with jurisdiction to try its commission. The parties stipulated at trial that the land now comprising Fort Lewis was conveyed to the United States by Pierce County, Washington, by deed dated October 1, 1919, and that by instrument dated January 3, 1923, use of a portion of that land had been transferred to the Veterans Bureau—now the Veterans Administration—upon which now rests the hospital in question.[3] An extract of the deed conveying the land to the United States reflects that a clause in the deed required that the land was

> to be used by the United States for any or all such military purposes, including supply stations, the mobilization, disciplining and training of the United States Army, State Militia, and other military organizations, as are now or may be hereafter authorized or provided by or under Federal law, SUBJECT however, to the express condition that if the United States should ever cease to maintain the tract above described for the uses above named, title to the lands above described will revert to said Pierce County without further Act by it to be performed.

The appellant contends that permitting the Veterans Administration to use the land in question was contrary to the above-quoted provision of the deed and, thereby, caused the tract described in the deed to revert automatically to Pierce County, Washington—a civilian jurisdiction. However, an Opinion of the Attorney General[4] concerning the propriety of permitting the Veterans Administration to use the land in question reflects that prior thereto the County Commissioners of Pierce County had executed a consent to such transaction with the Veterans Administration. Thus, any possible deviation from the conditions of the deed[5] was with permission of the grantor and, thus, not defeating of the original grant to the United States. Because,

1. One of the periods in question arose from a defense request for a sanity examination of the appellant. Normally, *see United States v. Beach,* 1 M.J. 118 (C.M.A.1975), such delay is for the sole benefit of the accused and, therefore, is his responsibility. *See United States v. Leonard,* 3 M.J. 214 (C.M.A.1977).

2. In a related matter, we must reject the appellant's complaint that his rights preserved under Article 33, Uniform Code of Military Justice, 10 U.S.C. § 833, were violated. There is no showing that he was prejudiced as a result of the delay between imposition of his pretrial confinement and the forwarding of the charges to the general court-martial convening authority. *United States v. Nelson,* 5 M.J. 189, 190 n. 1 (C.M.A.1978). Additionally, we note that this delay was explained by the commander in his letter transmitting the charges.

3. The instrument permitting the Veterans Administration to use the land in question on Fort Lewis provided that the Veterans Administration "is hereby granted permission, revocable at will by the Secretary of War, to occupy and use [the land]

> as a site on which to erect and maintain a hospital . . ." and "[t]hat the use and occupation of said lands by the [Veterans Administration's predecessor] shall at all times be subject to the dominant use thereof for military purposes." Obviously, then, there can be no claim that the instrument actually transferred the land to the Veterans Administration and, therefore, it no longer constituted part of the military installation; clearly, all that was transferred was the *use* of the land "revocable at will by the Secretary of War."

4. 33 Op.Atty.Gen. 325–27 (1922).

5. The Attorney General also concluded that "the erection and maintenance of a hospital upon a part of the land is not inconsistent with the maintenance of the camp." *Id.*

then, the offense at issue occurred on a military installation, the court-martial which tried the appellant for its commission had subject-matter jurisdiction to do so. *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring):

On the basis of my dissenting opinion in *United States v. Beach,* 1 M.J. 118, 119 (C.M.A.1975), I agree with the statement at footnote 1 of the majority opinion that a delay occasioned by the sanity examination of the appellant is properly chargeable to the defense in assessing a speedy trial issue. *United States v. McClain,* 1 M.J. 60 (C.M.A. 1975); *see United States v. Leonard,* 3 M.J. 214 (C.M.A.1977). Additionally, I agree with the majority that appellant was accorded a speedy trial and the military judge properly exercised jurisdiction over the offense which occurred on the grounds of the Veterans Administration Hospital. Accordingly, I concur with the majority opinion.