UNITED STATES

v.

**Airman First Class Robert E. BONE, FR 361–58–9319 United States Air Force.**

**ACM 22975.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Nov. 1980.

Decided 12 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain Willard K. Lockwood and Captain Neil S. Richman, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain George D. Cato.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Senior Judge:

The defense contends that the accused's pretrial confinement in excess of 90 days denied him a speedy trial and therefore, the charges against him should be dismissed. Finding the Government accountable for less than 90 days of the confinement, we affirm.

In accordance with his pleas, the accused was convicted by a general court-martial consisting of members of two offenses of wrongful appropriation and two absences without leave, violations of Articles 121 and 86, Uniform Code of Military Justice, 10 U.S.C. § 921 and 886, respectively. The approved sentence is a bad conduct discharge, confinement at hard labor for five months and 20 days, forfeiture of $300.00 per month for six months and reduction to airman basic.

The record reveals that the accused was initially placed in pretrial confinement on 21 July 1980. He was released from confinement on 25 July 1980 and on 29 July 1980 absented himself from his organization. Upon the termination of this absence on 1 August 1980, the accused was again placed in pretrial confinement where he remained until 26 November 1980, the date

of the trial. We compute the total pretrial confinement to be 123 days.

The defense claims that its motion to dismiss the charges should have been granted by the military judge because the accused was denied his right to a speedy trial. Counsel assert that since the pretrial confinement exceeds 90 days, the presumption of prejudice arises and the Government's failure to overcome its heavy burden by showing diligence, entitles the accused to the requested relief.[1] The Government attributes the number of days which were devoted to satisfying a defense request for a sanity board as being sufficient to reduce the number of accountable days below 90, thus eliminating the presumption of prejudice.[2]

By letter to the military judge, dated 3 September 1980, the defense counsel requested, pursuant to paragraph 121, Manual for Courts-Martial, 1969 (Rev.), that "an inquiry and report into the psychiatric condition" of the accused be conducted as soon as possible. On 5 September 1980, the military judge granted the request and ordered a "psychiatric examination." By letter dated 16 September 1980, the trial counsel expressed the Government's compliance with the order, but explained that a problem was encountered because the terminology used did not specifically request a "complete mental examination." On 17 September 1980, the defense renewed its request asserting that the 3 September 1980 letter was a request for a complete mental examination. Thereafter, on 26 September 1980, the military judge signed an order directing a mental examination in detailed compliance with paragraph 121, Manual, *supra.* On 1 October 1980, the accused was scheduled to depart Lowry AFB, Colorado, for Wright-Patterson AFB, Ohio, to undergo examination. However, due to an administrative problem in connection with a proper escort, his departure was delayed. He arrived on 9 October 1980 and was examined

---

1. *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974); *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

2. *United States v. Rogers*, 7 M.J. 274 (C.M.A. 1979); *United States v. Leonard*, 3 M.J. 214 (C.M.A.1977).

on 29 October 1980. Some of this delay was caused by a failure to forward appropriate documents to be used in the examination. A report of the sanity board which met on 12 November 1980 was received at Lowry AFB on 17 November 1980. The Government would attribute 14 days (3–17 Sep 80), 5 days (26 Sep–1 Oct 80) and 39 days (9 Oct–17 Nov 80) to the defense request. The defense insists that the Government must share some of these days because it was not proceeding with due diligence throughout this period.

 Normally, any delay to obtain a defense requested mental examination is not chargeable to the Government. *United States v. Leonard*, 3 M.J. 214 (C.M.A.1977); *United States v. Beach*, 1 M.J. 118 (C.M.A. 1975). In this case, it is not necessary to resolve the question of the differing interpretations of the initial defense request and correspondingly assess responsibility for any unwarranted delay that resulted from it. Looking at the chronology and the entire record, we are convinced that the Government proceeded with reasonable diligence and did not purposefully or with oppressive design delay the trial. *United States v. Rogers*, 7 M.J. 274 (C.M.A.1979). Were we to agree that not all 58 days should be charged to the defense, we are nonetheless certain that sufficient time is chargeable to reduce that time for which the Government is accountable to less than 90 days. *United States v. Herron*, 4 M.J. 30 (C.M.A.1977). Specifically, we do not find the 39 days which elapsed to actually complete the mental examination and file the report to be an inordinate or unreasonable delay.

Therefore, we conclude that the defense's motion to dismiss the charges was correctly denied by the military judge.

The errors assigned by the accused in his request for appellate counsel to which our attention was invited, have been considered and are resolved adversely to the accused.[3]

The approved findings of guilty and the sentence are

AFFIRMED.

KASTL and MAHONEY, Judges, concur.

---

**UNITED STATES**

---

3. We note that the convening authority's action did not order that administrative credit on the sentence be given for the 10 days of illegal pretrial confinement found by the military judge. The reduction of that portion of the sentence to confinement at hard labor for six months to five months and 20 days does not effect the credit in accordance with *United States v. Larner*, 1 M.J. 371 (C.M.A.1976). We are unable to afford relief at this time; however, the 10 days, if actually served, should not be considered bad time.