UNITED STATES, Appellee,

v.

Private First Class Michael D. BEAN, SSN 511–62–0075, United States Army, Appellant.

CM 440886.

U. S. Army Court of Military Review.

30 June 1982.

Captain Richard W. Vitaris, JAGC, argued the cause for appellant. With him on the brief were Major Raymond C. Ruppert, JAGC, and Captain Dennis E. Brower, JAGC.

Captain Paul K. Cascio, JAGC, argued the cause for appellee. With him on the brief were Colonel R. R. Boller, JAGC, and Major John T. Edwards, JAGC.

Before JONES, Senior Judge, and McKAY and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was brought to trial 124 days after he was placed in pretrial confinement.[1] He contended at trial, and he renews his contention before us, that he was denied his right to a speedy trial.

■ When the period of pretrial confinement exceeds 90 days, there arises a presumption of a violation of Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810, "thereby placing a heavy burden on the government to show diligence in the processing of a case." *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). Periods of defense requested delay are deducted, however, in computing the period of delay. In the instant case the accountability for two periods of delay is in dispute.[2] If all or even a portion of those periods is chargeable to the defense, the period of delay will be less than 90 days and the speedy trial issue will be resolved as a Sixth Amendment issue rather than an Article 10, UCMJ violation.

■ November 14—December 5, 1980. This period of delay occurred during the Article 32, UCMJ, 10 U.S.C. § 832 investigation when the defense counsel requested a translation of the German police investigation, and also the presence of a criminal

---

1. Appellant was convicted in accordance with his pleas of guilty of the following offenses: Felony Murder—Article 118(4), UCMJ, 10 U.S.C. § 918(4); Rape—Article 120, UCMJ, 10 U.S.C. § 920; Assault and Battery—Article 128, UCMJ, 10 U.S.C. § 928. Appellant was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private E–1 and the mandatory confinement at hard labor for life. The convening authority reduced the period of confinement to 35 years, pursuant to a pretrial agreement, approving the remaining portion of the sentence as adjudged.

2. Two periods of delay are not in dispute. The appellant concedes that the delays from 30 October—10 November 1980 and 5–11 December 1980 are chargeable to the defense, thus reducing the period of accountability to 107 days. Also, the defense is not contesting the delay between the first Article 39(a) UCMJ, 10 U.S.C. § 839(a) session on 10 February 1981 and the conclusion of trial on 9 March 1982.

The disputed periods, as refined by appellate defense counsel during oral argument differed somewhat from the periods set out in his brief. We are using the periods agreed to in argument.

investigator who took a statement from appellant's accomplice. The defense contends that the government was required to furnish a translated copy of the police report under the discovery procedures of the Article 32 investigation and that the investigator was an essential witness whose presence was required. If the defense wanted the report and the witness, then the defense must accept the responsibility for the reasonable period required to comply with defense's request. The translated report was not necessary to the investigation and the witness was only essential to the accomplice's investigation, not appellant's. Accordingly, this delay was for defense purposes and should be charged to appellant. *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974).

January 9—February 10, 1981. This period of delay occurred after the charges were referred to trial. Prior to referral the premeditated murder charge had been changed to felony murder. The charges were resworn and then referred to trial on 2 January 1981. Trial was set for 9 January but defense submitted a request for delay from 9 to 19 January for purposes of psychiatric evaluation. Subsequently defense submitted a second request for a delay from 9 January to 10 February "so that the defense [could] adequately prepare its case."[3]

The defense now contends that under the Court of Military Appeals' decision in *United States v. Cole*, 3 M.J. 220 (C.M.A.1977), the defense should not be chargeable with delays requested by it if the government was not ready to proceed and thus was not in fact delayed by the defense request. The defense also argues that it was the government that caused the delay in the psychiatric evaluation. We will discuss these contentions in inverse order.

■ The defense counsel notified appellant's company commander on 5 January 1981 that he had arranged for a psychiatric evaluation of appellant on 7 January. The two days lead time were not sufficient to permit the commander to arrange for the

necessary transportation and guards. The next scheduled appointment was delayed due to weather conditions which prevented all vehicular travel. Finally, the evaluation sessions were held on 29 January and 5 February. The company commander made every reasonable effort to support the requested psychiatric evaluation. The fact that it could not be conducted as originally scheduled did not thereby shift the basis for the delay from the defense to the government. The reasonable delay remained chargeable to defense and, therefore, deductible.

Appellant's primary contention regarding this period is that because the government changed the murder offense from Article 118(1) to 118(4), UCMJ, 10 U.S.C. §§ 918(1) to 918(4), but did not immediately reopen the Article 32, UCMJ investigation, the government had not completed the pretrial procedures and was thus not ready to go to trial during the period. The investigation was reopened on 5 February, waived by the appellant, and a report forwarded to the convening authority on 9 February. On that same date, the convening authority confirmed the prior (2 Jan.) amendment in the murder specification and the referral to trial by general court-martial.

■ Notwithstanding the belated reopening of the Article 32, UCMJ investigation and the confirming actions by the convening authority, the prosecution was at all times ready to proceed to trial during this contested period. The change in the murder charge was a technical change only; it did not require a change in evidence; it did not increase the severity of the offense; and it did not mislead the appellant. The investigating officer did not receive new evidence but only reviewed that which he had received previously. The appellant waived appearance. These circumstances do not show the government unprepared to proceed, as appellant contends.

When we look behind the label of a defense requested delay "to ascertain to

---

**3.** The defense had also notified the prosecution informally on 2 January, the date of referral to trial, that it would need a delay because assistant defense counsel was on leave.

whose benefit the delay in fact accrued", as *Cole* requires us to do, we conclude that it accrued to the defense's benefit and was in fact for defense purposes. The defense needed the psychiatric examination and needed the presence of both counsel to prepare its case. Further support for this conclusion is found in the defense's request for a continuance at the end of the 10 February Article 39(a) UCMJ session and the expressed willingness to "take" the delay until the final session of the trial.

 The contested periods of delay are chargeable to the defense and thus deductible in computing the 90-day period of pretrial confinement. As the deductions reduced the period below 90 days, *Burton* is not applicable. Viewing the speedy trial motion under Article 10, UCMJ, in its non-*Burton* aspect and under normal Sixth Amendment grounds, we find the government proceeded with reasonable dispatch and without any "purposeful or oppressive design to delay the trial." *United States v. Rogers*, 7 M.J. 274 (C.M.A.1979).

The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge HANFT concur.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. De-Busk, JAGC, and Captain Peter M. Donawick, JAGC, were in the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

