# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RONALD D. WASHINGTON**
**United States Army, Appellant**

ARMY 20110525

Headquarters, I Corps (convened)
Headquarters, I Corps (Rear) (Provisional) (action)
Kwasi Hawks, Military Judge
Colonel Walter M. Hudson, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief); Major Jacob D. Bashore, JA; Captain Brian D. Andes, JA (on reply brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Edward J. Whitford, JA (on brief).

30 October 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KERN, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of making a false official statement, one specification of adultery, and one specification of possessing eight video files of child pornography in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 934 (2006) [hereinafter UCMJ].  The military judge convicted appellant, contrary to his plea, of possessing one additional video file of child pornography.  The military judge sentenced appellant to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and

reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with 430 days of credit against the sentence to confinement.[1]

This case is before this court for review under Article 66, UCMJ. Appellant raised one assignment of error alleging a violation of Article 10, UCMJ, which warrants discussion, but not relief. We also considered appellant's matters raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

## PROCEDURAL BACKGROUND

On 22 January 2010, two charges were preferred against appellant. On 20 April 2010, an additional charge was preferred against appellant. Following appellant's Article 32, UCMJ, pretrial investigation, appellant was placed in pretrial confinement on 13 August 2010. On 15 September 2010, the Special Court-Martial Convening Authority withdrew all charges and re-preferred new charges, including some of the original charges.

On 27 September 2010, defense counsel, in a memorandum providing notice of an alleged violation of rights resulting from one of the newly preferred charges against appellant, informed the General Court-Martial Convening Authority that appellant had a "substantial interest in immediate action on this matter and a speedy trial." On 29 September 2010, appellant's civilian defense counsel submitted a discovery request to the government that included an extensive list of specific requests pertaining to the government's DNA testing. There is no evidence in the record that appellant ever requested reconsideration of his pretrial confinement.

Charges were referred on 1 October 2010. In a motion dated 4 October 2010, defense counsel moved to dismiss all charges alleging the government violated appellant's right to a speedy trial under Rule for Courts-Martial [hereinafter R.C.M.] 707, Article 33, UCMJ,[2] and Article 10, UCMJ. On 28 October 2010, the date of

---

[1] This confinement credit includes appellant's pretrial confinement during an interlocutory appeal of a suppression ruling. *United States v. Washington*, ARMY MISC 20100961 (Army Ct. Crim. App. 8 Feb. 2011), *pet. denied*, 70 M.J. 93 (C.A.A.F. 2011).

[2] Article 33, UCMJ, requires that "[w]hen a person is held for trial by general court-martial, the commanding officer shall . . . forward the charges" within 8 days to the general court-martial convening authority, "if practicable." If it is "not practicable," the commanding officer "shall report in writing . . . the reasons for delay." Art. 33,

(continued . . .)

appellant's arraignment, defense counsel presented evidence in support of the motion to dismiss. The military judge took the evidence without ruling on the motion.[3]

The next proceeding in this case was an Article 39(a), UCMJ, hearing on 10 November 2010 in which the court again took up appellant's motion to dismiss for a violation of appellant's right to a speedy trial. The military judge denied appellant's motion under R.C.M. 707. However, the military judge found the record was "incomplete" on the Article 10, UCMJ, motion; took the issue under advisement; and extended the deadline for parties to supplement the record or call witnesses.

What followed was a lengthy delay in the trial during which an evidentiary suppression ruling by the military judge was reversed pursuant to a government Article 62, UCMJ, appeal. When the trial resumed, prior to appellant's entry of pleas, he was advised by the military judge that "any motion to dismiss or grant other appropriate relief should be made at this time." Appellant did not re-raise the Article 10, UCMJ, motion. Appellant entered mixed pleas. Ultimately, appellant: was convicted in accordance with his pleas of false official statement, adultery, and possession of child pornography; was found not guilty of rape and communicating a

---

(. . . continued)
UCMJ. In this case, the military judge initially awarded appellant 41 days of confinement credit for the government's violation of Article 33, UCMJ, on 10 November 2010. However, the military judge later reversed himself and held that confinement credit was "not supported by the law [for a violation of Article 33, UCMJ]." In *United States v. Nelson*, our superior court stated that Article 33, UCMJ, "rather than embodying any substantive rights or protections, simply is a procedural mandate, deviation from which must be measured for specific prejudice to the accused." 5 M.J. 189, 190 n.1 (C.M.A. 1978).

[3] Because it is not determinative in this case, we decline to decide whether the Article 10, UCMJ, clock stopped on this day as a result of the military judge's "taking of the evidence" for appellant's motion to dismiss. *See United States v. Cooper*, 58 M.J. 54, 59-60 (C.A.A.F. 2003) (holding that "[o]n its face . . . Article 10 seems to impose on the Government a duty that extends beyond arraignment to at least the taking of evidence.").

threat; and was found guilty, contrary to his plea, of possessing a ninth video file of child pornography in addition to the eight to which he pleaded guilty.[4]

## LAW AND DISCUSSION

On appeal, appellant argues that his Article 10, UCMJ, speedy trial right was violated and the charges should be dismissed with prejudice.[5] Appellant further argues that should this court find the Article 10, UCMJ, issue was waived, appellant received ineffective assistance of counsel. The government argues, however, the Article 10, UCMJ, issue was waived by not pursuing a ruling by the military judge, and even if not waived, the Article 10, UCMJ, motion fails on its merits. On the facts in this case, we need not resolve the issue of waiver because the record is sufficient for us to resolve the alleged Article 10, UCMJ, claim on its merits. *See generally United States v. Birge*, 52 M.J. 209 (C.A.A.F. 1999).

We review an allegation of a violation of Article 10, UCMJ, *de novo* as a matter of law, and we are "bound by the facts as found by the military judge unless those facts are clearly erroneous." *United States v. Schuber*, 70 M.J. 181, 188 (C.A.A.F. 2011) (quoting *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007)). In this case, the military judge determined the record to be incomplete regarding the Article 10, UCMJ, issue, and he never made specific findings of fact related to the Article 10, UCMJ, issue.[6] Despite the military judge's initial determination that the record is incomplete, applying our fact-finding ability under Article 66, UCMJ, we are confident that the record contains the details necessary to resolve the Article 10, UCMJ, assignment of error.

"Article 10, UCMJ, ensures a servicemember's right to a speedy trial by providing that upon 'arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him.'" *Cossio*, 64 M.J. at 255.

---

[4] Prior to entry of pleas, the military judge granted the government's motion to dismiss a sodomy specification, an aggravated sexual assault specification, and an adultery specification.

[5] Appellant contends the length of the delay for purposes of his allegation of an Article 10, UCMJ, violation was 89 days, which ended at the 10 November 2010 trial date during which the motion was litigated. We do not disagree with that total.

[6] The military judge did make findings of fact with regards to the R.C.M. 707 motion, and there are no inconsistencies between those findings of fact and the findings of fact by this court with regards to the Article 10, UCMJ, motion.

According to our superior court, "the Government must demonstrate reasonable diligence in proceeding toward trial during Appellant's pretrial confinement." *Schuber*, 70 M.J. at 188. However, "[b]rief inactivity is not fatal to an otherwise active, diligent prosecution." *Cossio*, 64 M.J. at 256 (quoting *United States v. Tibbs*, 15 C.M.A. 350, 353, 35 C.M.R. 322, 325 (1965)).

Article 10, UCMJ, violations are analyzed using the four-factor structure from *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972). The first factor is "the length of the delay," which "is to some extent a triggering mechanism[:] . . . unless there is a period of delay that appears, on its face, to be unreasonable under the circumstances, there is no necessity for inquiry into the other factors that go into the balance." *Schuber*, 70 M.J. at 188 (quoting *Cossio*, 64 M.J. at 257). Like in the *Schuber* case before our superior court, the first *Barker* factor is also the issue before us now.

Although the first factor is not meant to be a *Barker* analysis within a *Barker* analysis, there are circumstances and factors that are appropriate to consider, including the seriousness of the offense; the complexity of the case; and the availability of proof. *Id.* Additional factors specific to the purposes of Article 10, UCMJ—"to prevent an accused from languishing in prison without an opportunity for bail"—must also be considered. *Id.* "These additional circumstances include whether the Appellant was informed of the accusations against him, whether the Government complied with procedures relating to pretrial confinement, and whether the Government was responsive to requests for reconsideration of pretrial confinement." *Id.*

In *Schuber*, appellant was in pre-trial confinement for 71 days for a straightforward urinalysis case, and the government did not prefer charges, initiate an Article 32, UCMJ, investigation, forward the charges, or respond to appellant's first three discovery requests, which included demands for a speedy trial, in a timely manner. *Id.* However, appellant was informed of the accusations against him as early as his second day of confinement. *Id.* Moreover, some additional evidence concerning two positive samples was not reported until after appellant was in confinement for 15 days. *Schuber*, 70 M.J. at 188. Finally, there was no complaint regarding pretrial confinement procedures, and therefore, under the presumption of regularity, the Court of Appeals for the Armed Forces (CAAF) presumed the Government complied with pretrial confinement procedures under R.C.M. 305(h)-(i), including a twenty-four hour report to the commander, a forty-eight-hour probable cause determination, a seventy-two-hour commander's memorandum, and a seven-day review. *Id.* at 188-89. The CAAF ultimately concluded that the period of seventy-one days was not facially unreasonable under Article 10, UCMJ, rendering a review of the remaining *Barker* factors unnecessary. *Id.* at 189.

In the case at hand, although the 89-day time period is greater than the one in *Schuber*, nearly all of the circumstances and factors the CAAF considered in that case tend to cut against an argument that this period of time was facially unreasonable.

Unlike *Schuber*, charges were preferred and a pretrial investigation held prior to appellant being placed in pretrial confinement. Moreover, the charges in appellant's case were very serious, including rape, sodomy, and possession of child pornography. In addition, the complexity of appellant's case was underscored not only by the government preferring additional charges, withdrawing and re-preferring revised specifications, but also by the continued and extensive discovery requests by defense counsel concerning DNA testing while appellant was in pretrial confinement. Furthermore, there are no complaints or evidence in the record concerning pretrial confinement procedures; no requests for reconsideration of pretrial confinement; and no specific demands for speedy trial other than one statement in an unrelated memorandum to the convening authority wherein appellant alleged he had a "substantial interest" in a speedy trial. Therefore, like our superior court in *Schuber*, we find, under the facts and circumstances of this case, that the eighty-nine day pretrial confinement period was not facially unreasonable under Article 10, UCMJ, and a review of remaining *Barker* factors is unnecessary. *Id.* at 189.

## CONCLUSION

On consideration of the entire record, including the matters personally submitted by appellant pursuant to *Grostefon*, the findings of guilty and the sentence are AFFIRMED.

Judge ALDYKIEWICZ and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6