UNITED STATES

v.

**Airman First Class Donald M. CLEMMER, FR 409–11–7565 United States Air Force.**

**ACM 23022.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain Douglas H. Kohrt and Major Edward F. Rodriguez, USAFR.

---

1. Ten years, in the case of one transfer alleged to have been to an individual under 21 years of age.

Appellate Counsel for the United States: Colonel James P. Porter, Captain Richard O. Ely, II.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

DECISION

ARROWOOD, Senior Judge:

The accused pleaded guilty to five violations of Title 21, United States Code, Section 841, by either distributing methamphetamine or possessing it with intent to distribute, assimilated military offenses under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

Appellate defense counsel claim that the maximum punishment for each offense was limited to two years rather than the five years[1] prescribed by the United States Code. They contend that the existence of a punitive regulation chargeable under Article 92, 10 U.S.C. § 892, preempts charging the offense under Article 134, and that the accused had been denied equal protection of the law when the judge ruled he was subject to a greater punishment because he was convicted of a violation of the United States Code assimilated under Article 134, rather than a violation of an Air Force regulation under Article 92. Defense counsel rely on *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976). In *Courtney* the United States Court of Military Appeals held that the convening authority's unbridled discretion to charge marijuana offenses under either Article 92 or Article 134, resulted in a violation of the equal protection standards of the Fifth Amendment since the accused was to face a greater sentence merely because he was convicted for a violation of Article 134 rather than Article 92.

In *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), The United States Supreme Court rejected

the argument that a defendant's Fifth Amendment right of equal protection was violated by a prosecutor's exercise of discretion in choosing under which of two applicable federal statutes he would bring an indictment and in doing so choosing the penalty scheme under which the defendant would be sentenced. This interpretation of the Constitution by the Supreme Court, made after *Courtney*, leaves us with no doubt that the convening authority has a right to select either of the applicable articles under which an accused may be tried even if his decision is influenced by the penalties available upon conviction. *See, United States v. Vietor*, 10 M.J. 69 (C.M.A. 1980).

Having determined that *United States v. Courtney, supra,* has been overtaken by the Supreme Court's decision in *United States v. Batchelder, supra,* we believe *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971), to be controlling in this case. *Walter* holds that Article 92 does not preempt an offense charged under Article 134. Furthermore, it correctly interprets paragraph 127c, Manual for Courts-Martial, 1969 (Rev.), which directs us to the United States Code for the proper maximum punishment when punishment for the alleged offense or a closely related one is not set out in the Table of Maximum Punishments. As the offenses charged are not set out in the table, we turn to the United States Code and find the penalty to be five years for each offense.[2]

Counsel also contend that Air Force Regulation 30–2, Social Actions Program, para. 4–4, 8 November 1976, removes any discretion a convening authority would otherwise have to charge methamphetamine offenses in any fashion other than as a violation of Article 92. The regulation states:

Violations of these prohibitions [any dangerous drugs] are chargeable under the UCMJ, Article 92, for failure to obey a

lawful general regulation. The use, possession, sale, [or] transfer . . . of marijuana or any habit-forming narcotic drug by an Air Force member . . . is punishable under Article 134, UCMJ . . .

We find this language merely suggests the most appropriate way to charge drug offenses and does not limit the convening authority if more than one statute is applicable.[3] Therefore, the convening authority could properly exercise his discretion in deciding whether to charge methamphetamine offenses as violations of either the Air Force regulation or the United States Code.

The remaining assignments of error are without merit. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

MAHONEY and MILLER, Judges, concur.

---

2. Ten years for one of the offenses. See Footnote 1.

3. In *United States v. Hoesing*, 5 M.J. 355 (C.M.A.1978), Judge Cook noted that the Air Force no longer had "unbridled discretion" in charging marijuana. This is true because marijuana is no longer a violation of an Air Force regulation, not because of the language recommending the procedure for charging drug offenses.