UNITED STATES

v.

Michael Duane CASTEEL, 494 82 6057, Seaman (E–3), U.S. Navy.

NMCM 83 2479.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 15 March 1983.
Decided 16 Dec. 1983.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT Marva J. Daniel, JAGC, USNR, Appellate Defense Counsel.

MAJ E.D. Clark, USMC, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

GLADIS, Senior Judge:

The accused was convicted pursuant to his pleas at a general court-martial bench trial of wrongful possession and distribution of lysergic acid diethylamide (LSD), a schedule 1 controlled substance, in violation of Article 134, U.C.M.J., 10 U.S.C. Section 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 18 months, total forfeitures, and reduction to pay grade E–1. The convening authority suspended confinement in excess of 14 months and forfeitures in excess of 8 months pursuant to the pretrial agreement and otherwise approved the sentence.

Among other things, in response to issues specified by the Court, the accused contends that he was denied equal protection when he was sentenced under the general article, which authorized a greater punishment, when his offenses were virtually identical to those punishable under the article prohibiting failure to obey a lawful general regulation, which authorized a lesser maximum punishment, and that his pleas were improvident because they were based on a substantial misunderstanding of the maximum punishment to which he was subject. *See United States v. Courtney,* 1 M.J. 438 (C.M.A.1976); *United States v. Hunt,* 10 M.J. 222 (C.M.A.1981). We find no denial of equal protection. The accuser and the convening authority did not lack guidance in determining under which article to charge the accused. The accused was correctly advised of the maximum punishment.

The offenses of which the accused was convicted were committed on 7 October 1982. A charge alleging violations of Article 134, U.C.M.J., 10 U.S.C. Section 934, was preferred on 10 January 1983 and referred to trial on 4 March 1983. Treating the possession offense as multiplicious with the

distribution offense, the military judge advised the accused that the maximum punishment to which he was subject by reason of his guilty pleas included 15 years confinement at hard labor. This was the maximum confinement for the distribution of LSD authorized by the amendments to the Table of Maximum Punishments, *Manual for Courts-Martial, 1969 (Rev.)* (Manual), promulgated by Executive Order 12383 of 23 September 1982 and Change 7 to the Manual, effective 1 October 1982 and applicable to offenses committed on and after that date. On 7 October 1982, when the accused committed the offenses, U.S. Navy Regulations, 1973, Article 1151.2 also prohibited wrongful possession and transfer of controlled substances. The maximum confinement authorized for violation of this prohibition when charged as a violation of a lawful general order or regulation under Article 92, U.C.M.J., 10 U.S.C. Section 892, was 2 years. On 13 October 1982 ALNAV 130/82 eliminated the punitive aspects of Article 1151.2 to permit the naval services to use the punishments prescribed by the amendment to the Manual.

In *United States v. Courtney, supra,* the Court of Military Appeals held that, where the practice varied as to whether a given drug offense would be prosecuted under Article 92 or under Article 134, UCMJ, the lack of legal guidance to the accuser and convening authority in determining the article under which to charge the offense coupled with different penalties for identical conduct violated the equal protection clause of the Fifth Amendment. The Court limited the maximum punishment to the lesser authorized punishment, that is, the 2 years confinement authorized for a violation of Article 92, although the offense was charged under Article 134.

The accused argues that the *Courtney* holding is applicable here.

In *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the Supreme Court held that the exercise of discretion by a prosecutor in choosing between two statutes proscribing identical conduct, does not violate the equal protection or due process clauses of the Fifth Amendment, even though the prosecutor may be influenced by the greater penalty authorized under the statute he chooses.

In *United States v. Clemmer,* 11 M.J. 721 (A.F.C.M.R.1981), the Air Force Court of Military Review found that *Courtney* had been overtaken by *Batchelder* and that the convening authority has a right to select either of the applicable articles under which an accused may be tried, even if his decision is influenced by the penalties available upon conviction.

In *United States v. Ettleson,* 13 M.J. 348 (C.M.A.1982), the Court of Military Appeals noted that to some extent the premise for its opinion in *Courtney* may have been undercut by the decision in *Batchelder.*

We agree with the Air Force Court that *Courtney* has been overtaken by *Batchelder.* Even if *Courtney* still had vitality, it would be inapplicable under the circumstances of this case. Here the accuser and the convening authority did not lack guidance in determining under which article to charge the offenses. Although ALNAV 130/82, which eliminated the punitive aspects of Article 1151.2, was promulgated after the accused's conduct occurred, it enunciated a service-wide policy to charge such conduct under Article 134. The lack of guidance found in *Courtney* is absent here. The accused was not denied equal protection. He was correctly advised that the maximum confinement authorized for his offenses was 15 years.

We find that the remaining assignments of error lack merit and the sentence is appropriate.[1]

Judge BYRNE and Judge GARVIN concur.

---

1. We decline to dismiss the multiplicious specification. *United States v. Davis,* No 82 3529 (N.M.C.M.R. 29 October 1982) (unpublished), *pet. denied* 15 M.J. 279 (C.M.A.1983). *United States v. Dobzynski,* No 82 3620 (N.M.C.M.R. 24 February 1983) (unpublished).